**STATE of Iowa, Appellee,**

v.

**Arlethia WILLIAMS, Appellant.**

**No. 59643.**

Supreme Court of Iowa.

July 29, 1977.

Cahill, Johnston, Poula & Goety by Emmit J. George, Jr., Iowa City, for appellant.

Richard C. Turner, Atty. Gen., Richard H. Doyle, IV, Asst. Atty. Gen., and Eugene J. Kopecky, Linn County Atty., for appellee.

Heard by MOORE, C. J., and MASON, LeGRAND, REES, and UHLENHOPP, JJ.

UHLENHOPP, Justice.

This appeal involves three issues which arose in a prosecution for soliciting for prostitution under § 724.2, Code 1975.

■ I. Defendant Arlethia Williams objected at trial to testimony by Detective Douglas Hansel about a tip he received prior to the events in question which subsequently led to those events and to the prosecution. This testimony was admissible under *State v. Rush*, 242 N.W.2d 313, 319 (Iowa) ("We are satisfied [that] the unidentified declarant's statement was not hearsay because it was offered only to show its effect on the hearer, agent Johnson."). No error appears.

II. Detective Hansel talked with defendant on the telephone and taped the conversation. Viewing the evidence in the light most favorable to the verdict of guilty, the jury could find that defendant solicited in that conversation (as well as in a motel room where she then met with Hansel). The tape was sufficiently clear to reveal the substance of the conversation, and Hansel adequately identified the tape at the trial.

Defendant objected to the playing of the tape at trial, mainly on the basis of hearsay. She argues here that it does not qualify as a business record which would be admissible under the hearsay exception in § 622.28 of the Code.

■ The contents of the tape were admissible quite apart from the business record exception on two bases. One is that the tape was used to prove the solicitation itself, not to prove the truth of the statements made. *State v. Leonard*, 243 N.W.2d 887 (Iowa); *State v. Rush* supra; *State v. Hinkle*, 229 N.W.2d 744 (Iowa). Second, if the tape had been used to prove the truth of the statements made it would be admissible as an admission, since it contained defendant's own conversation. 29 Am.Jur.2d Evidence § 436 at 494, § 598 at 653; 22A C.J.S. Criminal Law § 731 at 1046. We find no error.

III. Defendant contends that in Instruction 11 the trial court erroneously intermixed the objective and subjective tests of entrapment, contrary to *State v. Mullen*, 216 N.W.2d 375 (Iowa). See also *State v. Leins*, 234 N.W.2d 645 (Iowa). The State strenuously claims the issue is moot because as a matter of law entrapment does not appear.

The portion of the instruction defendant now relies on is this:

It is not entrapment for the law enforcement officer to pretend to be someone else, or to conceal his identity.

If you should find beyond a reasonable doubt from the evidence that before anything at all occurred respecting the alleged offense involved in this case, the defendant was ready and willing to commit the crime charged whenever opportunity was offered, and the law enforcement officer merely offered the opportunity, then you should find that the defendant is not a victim of entrapment.

Defendant's exception to this instruction at trial, before the court read the instructions to the jury, was this:

My second exception is to jury Instruction No. 11 with regard to entrapment. I would request here again the Court use the uniform instruction No. 501.21 rather than the instruction that's here because I think that this instruction is a little suggestive. There is a statement here with regard to law enforcement officers and their pretending to be someone else or concealing their identity. I would recommend that that sentence be taken out and included in another instruction all togeth-

er because I think that within the entrapment instruction almost indicates that there is no such thing as entrapment.

When a defendant undertakes to state an objection to an instruction, he is bound by the objection he makes. *State v. Buchanan*, 207 N.W.2d 784, 787 (Iowa) ("It avails a trial court nothing for a defendant to save part of his exceptions for a motion for a new trial, when the court can no longer change its instructions before reading them to the jury.").

In addition, the objection must be sufficiently clear to reveal what counsel has in mind. As we stated in *State v. Baskin*, 220 N.W.2d 882, 886 (Iowa):

In one way or another this court has frequently said an objection to an instruction given to a jury should reveal to the trial judge the purported defect to which the objecting party makes complaint and may wish to make the subject matter of attack upon appeal. The objection should be as specific and as penetrating as the stress of the trial permits. The purpose of requiring clarity of objections is not to gratify any possible whim of the trial judge, but to afford the trial judge an opportunity to catch exactly what is in counsel's mind and thereby determine whether the objection possesses merit to an extent the instruction should be recast. In short, a party, upon objecting, must make known to the trial judge the specific objection he may wish to urge upon appeal. If his objection then taken possesses merit and induces the trial judge to recast his words, a subsequent appeal is avoided. But if he does not disclose what is then in his mind, a needless appeal may be the ultimate result.

In defendant's objection to the trial court she requested use of a uniform instruction and then stated her reason—because Instruction 11 "is a little suggestive." But defendant did not then point out that Instruction 11 was suggestive in suggesting subjective factors for determining entrapment. Rather, the suggestiveness was the statement regarding officers' "pretending to be someone else" or "concealing their

identity." Defendant asked to have that statement eliminated, as she thought it almost negated entrapment.

From the objection thus made, we think a trial court would believe the complaint was directed to the sentence that officers do not entrap by pretending to be someone else or concealing their identity. We hold that defendant is limited to that complaint. We thus do not consider defendant's present complaint directed to the subjective-objective question.

We uphold the judgment and sentence. AFFIRMED.