**STATE of Iowa, Appellee,**

v.

**Dennis Eugene FISHER, Appellant.**

**No. 61227.**

Supreme Court of Iowa.

May 30, 1979.

Victor V. Sprengelmeyer of Sprengelmeyer & Henkels, Dubuque, for appellant.

Thomas J. Miller, Atty. Gen., and Ann Fitzgibbons, Asst. Atty. Gen., for appellee.

Considered by LeGRAND, P. J., and REES, UHLENHOPP, McCORMICK and McGIVERIN, JJ.

REES, Justice.

On May 9, 1975 Dennis Eugene Fisher was indicted by a Delaware County grand jury for murder in connection with the January, 1975 death of Howard Miller. The venue was changed to Dubuque County where he was tried and convicted, but his conviction was overturned by this court in *State v. Fisher*, 246 N.W.2d 918 (Iowa 1976). The venue was changed to Clayton County, where he was tried, convicted, sentenced and now appeals. We affirm.

In this appeal, Fisher alleges (1) he did not waive his right to have an attorney present during custodial interrogation when he was taken into custody in Missouri and that the trial court erred in refusing to suppress oral and written evidence which was the product of said interrogation; and (2) the trial court erred in adding a sentence to the uniform jury instruction relative to corroboration of accomplice testimony. We find no merit in his contentions.

I. Fisher first contends the trial court erred in admitting into evidence statements he made to Missouri officers which were allegedly obtained in violation of his Sixth Amendment right to counsel. On the morning of April 23, 1975, Missouri officers arrested Fisher and Myra Miller, the wife of the victim, while they were attempting to cash a money order made payable to Myra Miller and Howard Miller. Fisher was informed of his *Miranda* rights and questioned about the money order. While being questioned by the authorities, Myra gave a statement implicating Fisher in the death of her husband. At approximately 9:00 p. m. on April 23, Fisher was again informed of his constitutional rights and confronted with Myra's statement. He then admitted to the officers that he had shot Howard Miller.

At the pretrial suppression hearing, Fisher testified he was never specifically asked if he waived his right to have an attorney present during questioning and that he repeatedly requested an attorney. The three officers present at the time of Fisher's inculpatory statements testified that he had been informed of his rights, indicated he understood them and never asked for an attorney during the course of the interview. On September 13, 1977 the trial court held the statement to be admissible, and at trial defendant made a timely objection to the introduction of the testimony.

■ This issue involves a constitutional question. We therefore make an independent evaluation of the totality of the circumstances surrounding the alleged violation of Fisher's constitutional rights. *State v. Jump*, 269 N.W.2d 417, 424 (Iowa 1978); *State v. Conner*, 241 N.W.2d 447, 453 (Iowa 1976). When the State contends an individual has waived his or her constitutional rights, it is required to show by a preponderance of the evidence that the waiver was knowing, intelligent and voluntary. *State v. Jump*, at 424; *State v. Russell*, 261 N.W.2d 490, 492 (Iowa 1978).

■ Fisher bases his suppression argument on *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and

*Brewer v. Williams,* 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977). The essential determinations to be made are factual rather than legal, as was the case in *State v. Millspaugh,* 257 N.W.2d 513, 515 (Iowa 1977). We conclude the State did show by a preponderance of the evidence a knowing and voluntary waiver of Fisher's right to counsel, and that he did not request counsel during interrogation.

■ The record shows Fisher was informed of his *Miranda* rights, including his right to counsel, within an hour preceding his incriminating statements to the Missouri officers. He acknowledged his understanding of them. Fisher admitted being told of his rights, but testified that he was never asked if he "waived" them. Specific use of the term "waiver" is not necessary. He was informed of his rights, understood them and chose to continue. He raises no issue of voluntariness or diminished capacity. Our conclusion is buttressed by the recent holding of the United States Supreme Court in *North Carolina v. Butler,* —— U.S. ——, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979), and cases cited therein.

The determination as to whether Fisher requested counsel during interrogation also involves a question of fact, rather than a question of law. The three officers present at the time testified Fisher never chose to exercise his right to have counsel present, although he now contends to the contrary. We note in passing that no such allegation was made preceding or during the first trial in Dubuque County and, while the first trial has no preclusive effect, the fact that such a major question regarding the deprivation of a constitutional right was not raised before serves to undermine Fisher's argument. Our examination of the record, again consisting largely of the testimony of the Missouri authorities, establishes the State met its burden of proof.

■ The trial court, at the suppression hearing, admitted over the State's objection, testimony regarding a polygraph examination to which Fisher submitted. Such evidence is admissible only upon stipulation of the parties. *State v. Jump,* at 430 of 269

N.W.2d; *See State v. Conner,* at 457–59 of 241 N.W.2d. As no stipulation or agreement was made for the admission of the polygraph evidence and objection thereto was lodged by the State, we do not consider the polygraph testimony a part of the record. We note that even though the results were admitted and favorable to Fisher, the trial court found no basis for the suppression of Fisher's statements in light of the other evidence submitted by the State.

We therefore hold that a preponderance of the evidence in the record shows: (1) a voluntary and knowing waiver of counsel at the interrogation of Fisher by, the officers in Missouri; (2) Fisher did not request counsel during the course of the interrogation.

The trial court was correct in admitting the evidence.

■ II. Fisher next contends the trial court erred in instructing the jury on accomplice testimony. He objected on the ground "the additional material in the proposed instruction does not fairly and completely and accurately state the law of The State of Iowa concerning accomplice." We find the aforementioned objection inadequate to preserve error and thus do not reach the merits of Fisher's contentions in this regard.

■ We have held that a party is bound by the substance of an objection or exception to instructions made at trial, *State v. Williams,* 256 N.W.2d 207, 209 (Iowa 1977), and that an objection to an instruction must be of sufficient clarity and specificity to alert the trial court to the particular error alleged and relied upon. *State v. Williams; State v. Bell,* 223 N.W.2d 181, 185 (Iowa 1974); *State v. Hraha,* 193 N.W.2d 484, 486 (Iowa 1972). Specifically we have held objections that instructions do not "accurately state the law" lack sufficient specificity to constitute bases for error. *State v. Buchanan,* 207 N.W.2d 784, 787 (Iowa 1973); *State v. Hraha.* Such is the case here.

As we find no reversible error on either of the issues presented for review, Fisher's conviction is hereby affirmed.

AFFIRMED.