**STATE of Iowa, Appellee,**

v.

**Charles Willie DAVIS, Appellant.**

No. 64321.

Supreme Court of Iowa.

April 15, 1981.

Mark C. Meyer and Jerald W. Kinnamon, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., Thomas N. Martin and Douglas F. Staskal, Asst. Attys. Gen., and Eugene J. Kopecky, Linn County Atty., for appellee.

Considered by REYNOLDSON, C.J., and LeGRAND, McGIVERIN, LARSON, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

Following a jury trial defendant was convicted of first-degree robbery, a violation of sections 711.1–.2, The Code 1979. Appealing, defendant contends trial court erred in refusing to suppress his written confession on the grounds he did not voluntarily waive his right to remain silent. We affirm.

July 19, 1979, defendant and several companions were chased and arrested following an armed robbery of a Cedar Rapids grocery store. Two detectives took him to a police department interview room and presented him with a standard *Miranda*–rights waiver form. Defendant read it aloud but refused to sign it. One of the detectives testified defendant indicated he understood the rights—a fact confirmed by defendant's testimony—but "simply didn't want to sign it." The other detective testified defendant "consented" to talk to them.

In the course of the subsequent conversation, defendant admitted his leading role in the robbery, and the subsequent chase and capture. This statement was reduced to writing by a secretary. Both detectives testified defendant then read the statement and signed it. Defendant does not controvert this evidence.

Most of the first paragraph of the statement defendant signed appears to be reproduced from an original typed version, although the names of defendant, the detectives, and the secretary have been typed in separately. It states:

I, <u>Charles Willie Davis</u>, voluntarily make this statement to Detective <u>Rosdail</u> and in the presence of <u>Betty Schoff</u>, who have identified themselves to me as <u>Detective Rosdail</u> and <u>Betty Schoff, secretary</u>, of the Cedar Rapids, Iowa Police Department, having been advised that I have a constitutional right to remain silent and that I did not have to answer their questions, and that anything I said can and will be used in court as evidence against me, and that I have the right to an attorney and can have him present during questioning and if I could not afford one, the court would appoint an attorney for me, and that no promises or threats have been made to me by anyone.

Defendant testified that after he read the waiver of rights form he told the officers he did not want to talk to them, but they "kept asking questions" and said he "could be charged with kidnapping" if he didn't talk. Defendant stated that when one of the detectives said "they had ways to make me talk," he "figured" this "meant they were going to jump me." All of this, of course, was inconsistent with the officers' testimony.

After he was charged with first-degree robbery by trial information, defendant filed a motion to suppress the above written statement, asserting it was made involuntarily, without a full appreciation of the rights set forth and guaranteed under *Miranda*, and in the absence of an opportunity to consult with an attorney.

After a hearing trial court overruled the motion, holding the State "sustained its heavy burden to show that the defendant did waive his rights in executing the typed statement." Trial court held the fact a defendant did not sign a waiver of rights does not mandate a per se exclusion of any statements made by him, citing *North Carolina v. Butler*, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979).

Defendant's written statement was admitted into evidence at trial. The jury was given the instruction on confessions. Defendant was found guilty, and the jury also found he had displayed a firearm in a threatening manner. Defendant was sentenced to imprisonment for a term of up to twenty-five years, and to serve a minimum of five years because he had displayed the firearm.

Defendant argues the State did not meet its burden to prove defendant knowingly and intelligently waived his privilege against self-incrimination and his right to consultation with counsel prior to answering questions.

I. Defendant invites us to hold, pursuant to our "supervisory powers and the authority of Article I, Sections 9 and 10 of the State Constitution of Iowa, . . . that an explicit waiver is a mandatory requirement under Iowa law." We note there is conflicting testimony whether defendant did make an explicit waiver. Trial court did not resolve this issue because it relied on the written waiver defendant ultimately signed. Defendant asserts our requiring a specific waiver in every instance would promote certainty and avoid litigation that otherwise results from attempting to determine the suspect's state of mind at the time he made inculpatory statements.

■ At the threshold we observe an express waiver is not a requirement of the United States Constitution:

> An express written or oral statement of waiver of the right to remain silent or of the right to counsel is usually strong proof of the validity of that waiver, but is not inevitably either necessary or sufficient to establish waiver. The question is

not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the *Miranda* case. As was unequivocally said in *Miranda*, mere silence is not enough. That does not mean that the defendant's silence, coupled with an understanding of his rights and a *course of conduct indicating waiver*, may never support a conclusion that a defendant has waived his rights. The courts must presume that a defendant did not waive his rights; the prosecution's burden is great; but in at least some cases waiver can be clearly inferred from the *actions* and words of the person interrogated.

*Butler*, 441 U.S. at 373, 99 S.Ct. at 1757, 60 L.Ed.2d at 292 (emphasis supplied).

■ Defendant argues we should decline to follow *Butler*, and hold the Iowa Constitution requires an explicit waiver, that is, "an oral, written or physical manifestation" of waiver. Although such a path is open to us if we care to follow it, we give due regard to federal case law. The Supreme Court of Iowa is the final arbiter of the meaning of the Iowa Constitution, but when the federal and state constitutions contain similar provisions, they are usually deemed to be identical in scope, import, and purpose. *Redmond v. Ray*, 268 N.W.2d 849, 852 (Iowa 1978); *In Interest of Johnson*, 257 N.W.2d 47, 49 (Iowa 1977). Special respect and deference is accorded United States Supreme Court interpretations of similar language in the federal constitution. *Redmond*, 268 N.W.2d at 852.

A signal we would follow the *Butler* rationale appears in *State v. Fisher*, 279 N.W.2d 265, 267 (Iowa 1979). There the defendant was informed of his rights and within an hour made incriminating statements to the officers. He acknowledged he understood his rights, but testified "he was never asked if he 'waived' them." We held:

> Specific use of the term "waiver" is not necessary. He was informed of his rights, understood them and chose to continue. . . . Our conclusion is buttressed by the recent holding of the United

States Supreme Court in *North Carolina v. Butler,* ... and cases cited therein. *Id.*

Our pre-*Butler* decisions reflect a careful scrutiny of the totality of the circumstances to determine whether defendant's waiver and statements were knowing, intelligent, and voluntary, not a search for a required explicit, specific oral or written waiver. *See State v. Kellogg,* 263 N.W.2d 539, 541 (Iowa 1978); *State v. Kendrick,* 173 N.W.2d 560, 562 (Iowa 1970).

Of the other state courts that have addressed this issue since *Butler,* most have adopted the reasoning of that decision and have held an express waiver, written or oral, is not a constitutional requirement. *See, e. g., Hooks v. State,* 416 A.2d 189, 200 (Del.1980); *People v. Eatherly,* 78 Ill.App.3d 777, 781, 397 N.E.2d 533, 536 (1979); *State v. Jackson,* 226 Kan. 302, 305, 597 P.2d 255, 258 (1979), *cert. denied,* 445 U.S. 952, 100 S.Ct. 1603, 63 L.Ed.2d 788 (1980); *State v. Singleton,* 381 So.2d 828, 830 (La.1980); *Commonwealth v. Andrade,* —— Mass.App. ——, Mass.App.Ct.Adv.Sh. 2243, 2246, 396 N.E.2d 713, 716 (1979); *State v. Clark,* 592 S.W.2d 709, 716 (Mo. 1979), *cert. denied,* —— U.S. ——, 101 S.Ct. 132, 66 L.Ed.2d 57 (1980); *State v. Noel,* 119 N.H. 522, 526, 404 A.2d 290, 292 (1979); *State v. Scott,* 61 Ohio St.2d 155, 161, 400 N.E.2d 375, 380 (1980); *Harville v. State,* 591 S.W.2d 864, 866 (Tex.Crim.App.1979); *State v. Gross,* 23 Wash.App. 319, 321 n.1, 323–24, 597 P.2d 894, 896–97 & n.1 (1979); *Jordan v. State,* 93 Wis.2d 449, 465, 287 N.W.2d 509, 516 (1980). Significantly, prior to *Butler* the courts of at least seventeen states, as well as ten of the eleven circuit courts of appeal, had held "an explicit statement of waiver is not invariably necessary to support a finding that the defendant waived the right to remain silent or the right to counsel." *Butler,* 441 U.S. at 375–76, 99 S.Ct. at 1758–59, 60 L.Ed.2d at 293–94; *see* cases cited *id.* nn. 5–6, 99 S.Ct. at 1758–59 nn. 5–6, 60 L.Ed.2d at 293–94 nn. 5–6.

The majority of the Pennsylvania court rejected the *Butler* precedent and held an explicit waiver is a mandatory requirement of that state's constitution. *Commonwealth v. Bussey,* 486 Pa. 221, 230, 404 A.2d 1309, 1314 (1979). The majority opinion reasoned this would promote certainty and "avoid a mountain of litigation which might otherwise result." *Id.* at 231, 404 A.2d at 1314. Justice Larsen, dissenting, pointed out that while an express waiver is certainly more desirable than a waiver implied from conduct, society's interests in justice and effective law enforcement outweigh judicial convenience. The question of waiver, he wrote, "should be addressed in terms of substance, and not in terms of 'which of its forms are the most judicially manageable.'" *Id.* at 236, 404 A.2d at 1317.

Our research suggests Pennsylvania stands alone in imposing the express waiver requirement. We reject that concept for the reasons expressed in *Butler* and in the *Bussey* dissent.

■ *Butler* represents a desirable balance between the rights of the defendant and the State's interest in securing convictions of confessed wrongdoers. The defendant is adequately protected because the State must meet its heavy burden to prove by a preponderance of the evidence that defendant understood his rights and waived them knowingly, intelligently, and voluntarily. *See State v. Hilpipre,* 242 N.W.2d 306, 309 (Iowa 1976).

■ We hold an express waiver is not a requirement of the Iowa Constitution. Thus we must examine this defendant's words and actions, after he was informed of his *Miranda* rights, to determine if in fact a waiver occurred.

■ II. Because a constitutional issue is before us, we have made an independent evaluation of the totality of the circumstances surrounding the alleged violation of defendant's rights. *Sims v. State,* 295 N.W.2d 420, 422 (Iowa 1980); *Fisher,* 279 N.W.2d at 266. There is a direct conflict between the detectives' testimony and that of the defendant, concerning the conversation between them and the alleged threats made by these experienced officers. On the

whole record, we find the testimony of the detectives more convincing. But in this instance we have more than a balancing of testimony: we have the statement defendant signed, which recited in detail that he had been accorded his *Miranda* rights, then related the inculpatory description of his part in the robbery. The final sentence states the defendant has "read the above typewritten statement and [I] say that it is true."

Defendant now argues that by signing this statement he asserted only that he had read the typewritten portion of the document, not the printed recital that he made the statement voluntarily and with full knowledge of his rights. We are not so convinced. The printed portion looks like typewriting. It seems illogical defendant would break down the document into its typewritten and printed portions, parts of which are intermixed, and read the typewritten portions while neglecting to read the remainder.

Defendant does not assert he did not read the first waiver form, nor does he contend he did not understand his rights. He does not claim he was confused, or that he asked for and was refused a lawyer. His basic claim is that he confessed because he thought he was being threatened. We hold the State has carried its burden and has shown by a preponderance of the evidence this did not occur. We find and hold defendant voluntarily, knowingly, and intelligently waived his *Miranda* rights and confessed to his part in the robbery. Trial court did not err in overruling the suppression motion. We affirm the district court judgment.

AFFIRMED.