**STATE of Iowa, Appellee,**

v.

**Gary Clinton LeCOMPTE, Appellant.**

**No. 67060.**

Supreme Court of Iowa.

Dec. 22, 1982.

Francis C. Hoyt, Jr., Appellate Defender, and Christian T. Odell, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., and Shirley Ann Steffe, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, LARSON, and SCHULTZ, JJ.

LARSON, Justice.

Defendant Gary Clinton LeCompte appeals from his jury conviction of murder in the first degree, Iowa Code section 707.2 (1981), kidnapping in the first degree, section 710.2, and theft in the second degree, section 714.2. His principal defense at trial was that of compulsion. On appeal, he asserts (1) that the trial court's instruction on compulsion was in error as it was incomplete and misleading and (2) that the trial court erred in excluding post-arrest threats made against him by a co-defendant. We affirm.

The evidence, viewed in the light most favorable to the verdict, showed the following. The defendant, along with four companions, went to the victim's apartment, in accordance with a robbery plan devised by them the previous day. The victim was fatally stabbed and beaten. A friend of the victim was shoved down on a bed and held there at knife point by the defendant. The defendant also held a knife at the throat of the victim. After the robbery, the defendant was told to bring a car, belonging to the friend of the victim, to the side of the building. The defendant complied, and the friend of the victim was taken hostage. The five proceeded, with the defendant driving, to Palisades State Park near Cedar Rapids. There, the hostage was tied to a tree, beaten and eventually abandoned. The defendant claimed he participated in the crime only out of fear of his companions.

I.  *Compulsion Instruction.*

At the close of the evidence, the trial court presented the proposed instructions to be given to the jury. Included among them was the instruction on the defense of compulsion. The instruction read as follows:

### Instruction No. 46

With regard to any element of intent as herein instructed, the defendant Gary Clinton LeCompte claims that at the time and place in question, he was acting under compulsion.

When a person is compelled to act by another's threat or menace of serious injury, and reasonably believes that such injury is imminent and can be averted only by their doing of the act, then no public offense has been committed, unless such person claiming compulsion intentionally or recklessly causes physical injury to another.

Counsel for the defendant objected to the instruction:

MR. BUZZELL: Defendant LeCompte objects to Instruction No. 46 in the inclusion after the last—"unless such person claiming compulsion intentionally or recklessly causes physical injury to another." *The basic objection is that the offense of compulsion is not negated by the happening of physical injury,* that the terms of compulsion merely places responsibility upon a defendant for any physical injury that he causes and does not negate the compulsion defense as to any of the other charges charged in the information.

(Emphasis added.) The objection was overruled.

In his brief, the defendant addresses a number of issues which are beyond the scope of his objection. He argues that the compulsion instruction was misleading and prejudicial because it was "automatically nullified" by the court's instruction defining aiding and abetting and its instruction defining intent. The defendant also submits that (1) the term "voluntary" defined in the court's instruction on intent allowed the jury to conclude that the term pertained to the defendant's voluntary bodily movements during the offense, and not his desire to participate in it; and (2) the aiding and abetting instruction required only that the jury find defendant's actions, although coerced, were knowingly done.

■ Objections or exceptions to instructions must be specific so as to alert the trial court to any alleged error to be corrected. *State v. Aldape,* 307 N.W.2d 32, 39 (Iowa 1981); *State v. Rouse,* 290 N.W.2d 911, 914 (Iowa 1980); *State v. Williams,* 256 N.W.2d 207, 209 (Iowa 1977). Moreover, if the defendant makes an objection to an instruction at trial court, he is bound by that objection on appeal. *Rouse,* 290 N.W.2d at 915 (Iowa R.Civ.P. 196, requiring timely preservation of error as to instructions, applicable to all criminal cases); *State v. Fisher,* 279 N.W.2d 265, 267 (Iowa 1979); *Williams,* 256 N.W.2d at 209. In addition, a defendant cannot amplify or change the objection on appeal. *State v. Overstreet,* 243 N.W.2d 880, 885 (Iowa 1976).

The defendant's objection to the instruction did not preserve the other grounds urged in his brief and the only issue for review regarding the instruction is, as the defense counsel stated: whether "the defense of compulsion is not negated by the happening of physical injury . . . ."

■ Iowa Code section 704.10 provides the defense of compulsion:

No act, other than an act by which one intentionally or recklessly causes physical injury to another, is a public offense if the person so acting is compelled to do so by another's threat or menace of serious injury, provided that the person reasonably believes that such injury is imminent and can be averted only by his or her doing such act.

The defendant argues that the language of section 704.10 "does not facially exclude" the defense of compulsion in a homicide case. We do not agree; while the statute makes the defense inapplicable where there has been a "physical injury" to the victim, it would clearly apply as well if the victim dies.

■ The defendant also argues that the compulsion defense is available to an aider and abettor, even if physical injury is suffered by the victim, if that injury is actually caused by another person. Even assuming this issue was preserved under

the objection set out above, it overlooks the effect of our aiding and abetting statute:

> All persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense or aid and abet its commission, shall be charged, tried and punished as principals. The guilt of a person who aids and abets the commission of a crime must be determined upon the facts which show the part he or she had in it, and does not depend upon the degree of another person's guilt.

Iowa Code section 703.1.

While, as the defendant claims, more than knowledge of the events or mere presence at the scene is required for liability of a defendant as an aider and abettor, there was evidence that the defendant had participated in the advance planning for the robbery, that he had used a knife in the execution of the plan, and that he had driven the getaway car. The jury could reasonably conclude he was more than an observer, and that he was in fact "concerned in the commission of" the crime. As an aider and abettor, his use of the compulsion defense is subject to the same limitations as is a principal's. Iowa Code section 703.1; *cf. State v. Sanders,* 280 N.W.2d 375, 377 (Iowa 1979) (aider and abettor subject to mandatory five-year sentence under section 902.7 for use of firearm despite fact the firearm was used by another participant in crime).

The court did not err in its compulsion instruction on either of the grounds urged.

## II. *Excluded Evidence.*

Prior to resting his case, the defendant made an offer of proof in an attempt to support his compulsion defense. He sought to introduce the testimony of a jailer who would testify that a co-defendant, while in jail, allegedly made threats that if the defendant testified the co-defendant would either "kill him or make sure he was killed." The trial court denied admission of the testimony ruling it was irrelevant and remote to the crime charged.

The defendant contends the evidence of the threat was relevant because it corroborated his compulsion defense, as it "logically bore on his fear [of the four co-defendants] at the time of the offense."

The determination of relevancy is within the discretion of the trial court, and this court will interfere only upon a showing of an abuse of that discretion, *State v. Windsor,* 316 N.W.2d 684, 688 (Iowa 1982); *State v. Zaehringer,* 280 N.W.2d 416, 419–20 (Iowa 1979).

The trial court's ruling was within its proper discretion. Since the defendant was unaware of the alleged threats on the day of the murder, it is difficult to conclude how this evidence could cause him to fear his companions at the time of the offense. See *State v. Clay,* 220 Iowa 1191, 1203, 264 N.W. 77, 83 (1935); *see also State v. Taylor,* 310 N.W.2d 174, 177–78 (Iowa 1981).

We affirm the judgment of the trial court.

AFFIRMED.