STATE of Iowa, Appellee,

v.

Arthur Albert HARRISON, Appellant.

No. 90–516.

Court of Appeals of Iowa.

May 29, 1991.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., James J. Koll, County Atty., and Cynthia Goins, Asst. County Atty., for appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ. HABHAB, J., takes no part.

DONIELSON, Presiding Judge.

Arthur Albert Harrison was accused of driving while barred as a habitual offender, a violation of Iowa Code sections 321.560 and 321.561 (1989). Harrison's sole defense at trial was one of justification. Harrison testified that he and his girlfriend were walking to his grandmother's house, when Ricky Nelson (defendant's cousin) offered them a ride. Nelson, who appeared to be intoxicated, was driving a car owned by defendant's mother. Harrison asserted he persuaded his cousin to relinquish the wheel in order to avoid an accident. He testified he felt he was "doing something that was legit" in driving his cousin to his grandmother's house, so he made no effort to avoid a police spot check. When he

stopped the car at the roadblock, defendant was ticketed. The police officer instructed Nelson to drive the car away.

Harrison was tried to a jury. At the conclusion of evidence, Harrison submitted the following proposed jury instruction:

JUSTIFICATION: BURDEN OF PROOF

You are instructed that the burden of proof is on the State to prove by evidence beyond a reasonable doubt that the Defendant was not acting without justification.

The district court declined to instruct the jury as proposed.

The jury found Harrison guilty of operating while barred as a habitual offender. Harrison has appealed the resulting conviction.

■ Harrison contends the district court erred by refusing to instruct the jury on his defense. We first note the proposed jury instruction did not promote defendant's allegation of justification. The double negative employed in the instruction ("... Defendant was *not* acting *without* justification") suggests the State must prove defendant acted with justification. As worded, the instruction is an incorrect statement of the law and was properly rejected by the trial court. The trial court refused to instruct the jury on a defense of justification, finding the defense inapplicable to the crime.

■ Harrison now suggests the trial court erred in failing to instruct the jury on a defense of the legal excuse of necessity.

Objections or exceptions to instructions must be specific so as to alert the trial court to any alleged error to be corrected. *State v. Aldape*, 307 N.W.2d 32, 29 (Iowa 1981); *State v. Rouse*, 290 N.W.2d 911, 914 (Iowa 1980); *State v. Williams*, 256 N.W.2d 207, 209 (Iowa 1977). Moreover, if the defendant makes an objection to an instruction at trial court, he is bound by that objection on appeal. *Rouse*, 290 N.W.2d at 915 (Iowa R.Civ.P. 196, requiring timely preservation of error as to instructions, applicable to all criminal cases); *State v. Fisher*, 279 N.W.2d 265, 267 (Iowa 1979); *Williams*, 256 N.W.2d at 209. In addition, a defendant cannot amplify or change the objection on appeal. *State v. Overstreet*, 243 N.W.2d 880, 885 (Iowa 1976).

*State v. LeCompte*, 327 N.W.2d 221, 223 (Iowa 1982).

The defendant's objection regarding the trial court's failure to instruct the jury as proposed did not preserve the ground now argued. Defendant did not raise a defense of necessity before the trial court. No proposed instructions defining the elements of the defense of necessity (as now presented to this court) were offered by defendant. Therefore, the requested instruction did not adequately alert the trial court to this point of law defendant wished to have the jury informed upon. We find defendant did not adequately preserve this issue for review.

■ Even were we inclined to conclude defendant had raised and preserved this issue, we find defendant's evidence in this case failed to generate a fact question on necessity. In *State v. Walton*, 311 N.W.2d 113 (Iowa 1981), our supreme court reiterated its recognition of the defense of necessity. *See id.* at 114. The *Walton* court noted, "The rationale of the necessity defense lies in defendant being required to choose the lesser of two evils and thus avoiding a greater harm by bringing about a lesser harm." *Id.* at 115. Here, defendant claims he avoided the threat to the safety of lives and property due to his cousin's driving while intoxicated by defendant driving while barred.

[A]lthough the State must carry the burden to disprove the necessity defense beyond a reasonable doubt, the defendant has the burden of generating a fact question on the defense. If all the requirements of the defense are not addressed in the defendant's evidence, [the] trial court is not obligated to submit the issue to the jury....

The necessity defense does not apply except in emergency situations where the threatened harm is immediate and the threatened disaster imminent. The de-

fendant must be stripped of options by which he or she might avoid both evils.

*Id.* (citations omitted).

Defendant's evidence failed to establish an emergency situation existed. Defendant does not argue there was an immediate threatened harm. He argues only that he intended to avoid a potential harm which might result from Nelson's driving under the influence. Even assuming the defense of necessity is available to a defendant who seeks to avoid harm to others, "[f]ears of future injuries do not excuse an offense.... A threat of future injury is not enough." *Id.* Defendant's evidence did not generate a jury question on the defense of necessity.

■ Harrison also challenges an instruction telling the jury that a previous court order declared the person named therein (Arthur Albert Harrison) to be a habitual traffic offender and barred that person from driving for two years. Harrison contends the trial court erred in so instructing the jury because this instruction unduly emphasized certain evidence against him.

An instruction should state the applicable rule of law for the jury. It is not intended to marshal the evidence or to give undue prominence to certain evidence involved in the case. *State v. Milliken,* 204 N.W.2d 594, 596 (Iowa 1973). Trial court ordinarily should not draw attention to specific evidence when instructing the jury. "A trial court must walk a middle course and avoid arguing the case for either side in the instructions." *State v. Fagan,* 190 N.W.2d 800, 802 (Iowa 1971).

*State v. Marsh,* 392 N.W.2d 132, 133 (Iowa 1986).

The trial court overruled defendant's objection to this instruction. We agree with the trial court that the instruction merely informed the jury of the legal effect of Exhibit 3 (the prior court order). The trial court did not instruct the jury as a matter of law regarding any of the elements of the offense. The court did not foreclose the jury's duty to determine whether the State

had met its burden of proving all elements of the offense. We find the trial court properly "walk[ed] a middle course." The trial court did not err in giving the instruction.

Defendant's conviction is affirmed.

AFFIRMED.