STATE of Iowa, Appellee,

v.

**Gerald L. KITE II, Appellant.**

No. 93–106.

Supreme Court of Iowa.

March 23, 1994.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., Michael P. Short, County Atty., and Gordon Liles and David A. Andrusyk, Asst. County Attys., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and NEUMAN, JJ.

PER CURIAM.

Gerald Lynn Kite II appeals from his conviction for second-degree robbery. Because we find he was denied his right of confrontation, we reverse.

Morris Ricketts, a convenience store clerk, saw Kite steal a twelve-pack of beer from the store's cooler. Ricketts says Kite tried to hit him while trying to escape. A regular customer at the store witnessed the theft, but saw Kite try to strike Ricketts only after Ricketts had apprehended Kite and held him by the throat.

The State charged Kite with robbery in the second degree in violation of Iowa Code section 711.3 (1991). When Ricketts told the county attorney that he intended to move to Wichita, Kansas, the State filed a motion to permit preservation of testimony. The court found returning for the trial would cause Ricketts economic hardship and sustained the motion. At trial, the court allowed Ricketts' deposition to be read to the jury over Kite's objection. The jury found Kite guilty as charged. Kite appeals.

The Sixth Amendment states that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI; *see* Iowa Const. art. 1, § 10. A defendant can use the right of confrontation to make an accuser present live testimony at trial, thereby allowing the fact finder to assess the accuser's credibility. *Barber v. Page,* 390 U.S. 719, 721, 88 S.Ct. 1318, 1320, 20 L.Ed.2d 255, 258 (1968). An exception to the confrontation requirement exists for the testimony of an unavailable witness who previously testified against the same defendant and was subject to cross-examination. *Id.* at 722, 88 S.Ct. at 1321, 20 L.Ed.2d at 258.

Ricketts was not shown to be unavailable. The State could have subpoenaed Ricketts and compelled him to return for the trial. Iowa R.Crim.P. 14; Iowa Code §§ 622.76–.78, 622.102 (1993). "[A] witness is not unavailable for confrontation clause purposes 'unless the prosecutorial authorities have made a good faith effort to obtain his presence at trial.'" *State v. Holland,* 389 N.W.2d 375, 379 (Iowa 1986) (quoting *Barber,* 390 U.S. at 724–25, 88 S.Ct. at 1322, 20 L.Ed.2d at 260).

We do not find evidence of a good-faith effort to obtain Ricketts' presence for the trial. The State could have paid for Ricketts' mileage, room, and board in advance to alleviate any financial hardship. Iowa Code § 622.74 (1993).

When a defendant is denied his right of confrontation, the State must establish that the error was harmless beyond a reasonable doubt. *Holland,* 389 N.W.2d at 379. The United States Supreme Court has listed

the following factors for determining whether improper admission of testimony was harmless error:

> [T]he importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross examination otherwise permitted, and, of course, the overall strength of the prosecution's case.

*Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 1438, 89 L.Ed.2d 674, 686–87 (1986); *see also State v. Coy,* 433 N.W.2d 714, 715 (Iowa 1988).

 Kite admitted to the theft of the twelve-pack. The State charged Kite with robbery because of the alleged assault while trying to escape. *See* Iowa Code § 711.1 (1991) (elements of robbery). Because Ricketts was the main witness to the alleged assault, the State fails to establish beyond a reasonable doubt that Kite would have been convicted of robbery without his testimony. We reverse and remand for retrial.

**REVERSED AND REMANDED.**