**STATE of Iowa, Plaintiff–Appellee,**

v.

**Antonio Riccardo CAMPBELL, Defendant–Appellant.**

**No. 94–1023.**

Court of Appeals of Iowa.

Aug. 17, 1995.

---

7. *See State v. Stegall,* 124 Wash.2d 719, 881 P.2d 979, 985 (1994).

James A. Benzoni, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kasey E. Wadding, Assistant County Attorney, for appellee.

Heard by SACKETT, P.J., and HABHAB and CADY, JJ.

HABHAB, Judge.

In the early morning hours of September 16, 1993 Tammie Campbell arrived at the Waterloo police station in her robe and slippers and filed a complaint that she had been assaulted. Antonio Campbell, Tammie's husband, was arrested later that day and charged with domestic abuse, enhanced.

Prior to trial Campbell learned the State did not intend to call Tammie as a witness and filed a motion to dismiss and a motion in limine. In his motion in limine Campbell requested the district court to prohibit the State from introducing evidence of conversations between Tammie and others "to show that she was the victim and the Defendant was the aggressor" in the assault. The district court overruled both motions.

At Campbell's jury trial Officer Hope Westphal testified Tammie was hysterical and crying when she spoke with Tammie at the police station. Westphal stated Tammie told her Campbell had hit her.

Nurse Kathleen Kuecker testified she treated Tammie on the morning of September 16. Kuecker read into the record notes from her nursing chart prepared during Tammie's treatment. The notes indicated Tammie "was struck on head, back with fist. Was kicked behind right knee ... Pain and difficulty hearing from left ear ... was able to get away after husband fell asleep."

Campbell's hearsay objections to Westphal's and Kuecker's testimony were overruled. At the close of all evidence, Campbell moved to dismiss on the grounds that his constitutional right to confrontation was violated by the admission of hearsay statements by Tammie because the State did not show she was an unavailable witness. The district court took the motion under advisement.

The jury found Campbell guilty as charged. The district court entered an order overruling Campbell's motion to dismiss finding Campbell's constitutional right of confrontation was not violated by the admission of hearsay statements of excited utterances and statements made for the purpose of medical treatment.

Campbell filed a motion for expansion of the district court's order requesting the court to discuss his right to confrontation under the Iowa Constitution. The district court concluded the Iowa Constitution did not dictate a different result.

Campbell appeals.

## I

█ Since a constitutional claim is at issue, our review of the record is de novo. *State v. Holland,* 389 N.W.2d 375, 378 (Iowa 1986).

## II

█ Campbell contends the district court violated his constitutional right to confrontation by admitting hearsay evidence without first requiring the State to either produce the declarant as a witness or establish the declarant's unavailability. Under Iowa Rule of Evidence 803, testimony falling under any of the exceptions to the hearsay rule listed in rule 803 may be admitted even though the declarant is available. Campbell does not dispute the hearsay testimony falls under the rule 803 hearsay exceptions of excited utterances and statements made for the purposes of medical diagnosis or treatment. *See* Iowa R.Evid. 803(2), (4). Rather, he contends it is the lawful admission of these statements which violates his constitutional right to confront the witness.

## III

Campbell contends *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), supports his argument the State should first be required to produce the declarant as a witness or prove the declarant's unavailability before hearsay evidence can be admitted. *Roberts* involved the admission of "preliminary hearing testimony of a witness not produced at the defendant's subsequent state criminal trial." *Roberts,* 448 U.S. at 58, 100 S.Ct. at 2535, 65 L.Ed.2d at 602. The Court noted that historically the Confrontation Clause of the Sixth Amendment was intended to exclude some hearsay evidence.[1] *Id.* at 63, 100 S.Ct. at 2537, 65 L.Ed.2d at 606. However, in reality, there is a weighing of competing interests that must be done.[2] *Id.* at 63–65, 100 S.Ct. at 2537–39, 65 L.Ed.2d at 606–07.

The Supreme Court stated the Confrontation Clause restricts admissible hearsay in two separate ways. First, it establishes a rule of necessity. *Id.* at 65, 100 S.Ct. at 2538, 65 L.Ed.2d at 607. Second, constitutional protection operates only when a witness is shown to be unavailable. *Id.* Once a witness is determined to be unavailable, the evidence the prosecution seeks to admit must bear an indicia of reliability. *Id.* at 65–66, 100 S.Ct. at 2539, 65 L.Ed.2d at 607–08.

The Supreme Court has limited the holding of *Roberts* in subsequent cases. Indeed, *Roberts* has been specifically limited to its facts.[3] The Supreme Court has provided the following guidance for reading *Roberts:*

> *Roberts* must be read consistently with the question it answered, the authority it cited, and its own facts. All of these indicate that *Roberts* simply reaffirmed a long-standing rule, foreshadowed in *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), established in *Barber* [*v. Page,* 390 U.S. 719, 88 S.Ct. 1318, 20

1. The Court also recognized a literal interpretation of the Confrontation Clause is not desirable. If one were to read [the Confrontation Clause] literally, it would require, on objection, the exclusion of any statement made by a declarant not present at trial. But, if thus applied, the Clause would abrogate virtually every hearsay exception, a result long rejected as unintended and too extreme. *Roberts,* 448 U.S. at 63, 100 S.Ct. at 2537, 65 L.Ed.2d at 605–06 (citation omitted).

2. Cross-examination is one of the critical goals of the Confrontation Clause which helps to ensure reliability and allows discrediting demeanor to be drawn out. *Roberts,* 448 U.S. at 63, 100 S.Ct. at 2537–38, 65 L.Ed.2d at 606 n. 6. There is also "a strong interest in effective law enforcement, and in the development and precise formulation of the rules of evidence applicable in criminal proceedings." *Id.* at 64, 100 S.Ct. at 2538, 65 L.Ed.2d at 607.

3. The Court has stated, "The Confrontation Clause analysis in *Roberts* focuses on those factors which come into play when the prosecution seeks to admit testimony from a prior judicial proceeding in place of live testimony at trial." *United States v. Inadi,* 475 U.S. 387, 393, 106 S.Ct. 1121, 1125, 89 L.Ed.2d 390, 397 (1986).

L.Ed.2d 255 (1968) ], and refined in a line of cases up through *Roberts,* that applies unavailability analysis to prior testimony. *Roberts* cannot fairly be read to stand for the radical proposition that no out-of-court statement can be introduced by the government without a showing that the declarant is unavailable.

*United States v. Inadi,* 475 U.S. 387, 394, 106 S.Ct. 1121, 1125, 89 L.Ed.2d 390, 398 (1986). Since *Roberts* has been limited to its facts and deals with hearsay evidence involving prior testimony, we conclude it does not apply to Campbell's case.

## IV

We believe the proper analysis for Campbell's case can be drawn from *White v. Illinois,* 502 U.S. 346, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992). In *White,* the Supreme Court examined whether the Confrontation Clause required the prosecution to produce either the declarant as a witness or show the declarant is unavailable before hearsay evidence involving a "spontaneous declaration" and "statements made in the course of securing medical attention" can be admitted.[4] *White,* 502 U.S. at 348–49, 112 S.Ct. at 739, 116 L.Ed.2d at 854–55. This issue is identical to the issue before us.

The main contention by *White* was that *Roberts* supported his argument regarding the Confrontation Clause and the hearsay evidence. *Id.* at 353, 112 S.Ct. at 741, 116 L.Ed.2d at 857. The Court noted that *Inadi* had already limited *Roberts* to cases involving challenged out-of-court statements made in the course of prior judicial proceedings. *Id.* at 353–54, 112 S.Ct. at 741, 116 L.Ed.2d at 858. In *White,* the Court noted the *Inadi* Court refused to extend the unavailability requirement in *Roberts* to all out-of-court statements.[5] *Id.* at 354, 112 S.Ct. at 741–42, 116 L.Ed.2d at 858. In reviewing the *Inadi* decision, the *White* Court stated:

Our decision rested on two factors. First, unlike former in-court testimony, co-conspirator statements "provide evidence of the conspiracy's context that cannot be replicated, even if the declarant testifies to the same matters in court." Also, given a declarant's likely change in status by the time the trial occurs, simply calling the declarant in the hope of having him repeat his prior out-of-court statement is a poor substitute for the full evidentiary significance that flows from statements made when the conspiracy is operating in full force.

Second, we observed that there is little benefit, if any, to be accomplished by imposing an "unavailability rule." Such a rule will not work to bar absolutely the introduction of the out-of-court statements; if the declarant either is unavailable, or is available and produced for trial, the statements can be introduced. Nor is an unavailability rule likely to produce much testimony that adds meaningfully to the trial's truth-determining process.... And while an unavailability rule would therefore do little to improve the accuracy of fact finding, it is likely to impose substantial additional burdens on the fact finding process....

*These observations, although expressed in the context of evaluating co-conspirator statements, apply with full force to the case at hand.*

*Id.* at 354–55, 112 S.Ct. at 742, 116 L.Ed.2d at 858–59 (emphasis added) (citations omitted).

The Court in *White* rejected the argument of White, which is nearly identical to the argument put forth by Campbell in the case before us. In so doing, the Court found that if hearsay evidence is within the excited utterance and statements for medical treatment exceptions to the hearsay rule, then the Confrontation Clause is satisfied because the exceptions have been found to guarantee suf-

---

4. The hearsay exceptions in *White* are nearly identical to the exceptions in the case before us. The "spontaneous declaration" exception is identical to our "excited utterance" exception in rule 803.

5. The Court in *Inadi* was dealing with the hearsay exception of an out-of-court statement made by a co-conspirator in the course of the conspiracy. *Inadi,* 475 U.S. at 388, 106 S.Ct. at 1123, 89 L.Ed.2d at 394.

ficient reliability.[6] *Id.* at 356, 112 S.Ct. at 743, 116 L.Ed.2d at 859. The Court, in summary, stated:

Given the evidentiary value of such statements, their reliability, and that establishing a generally applicable unavailability rule would have few practical benefits while imposing pointless litigation costs, we see no reason to treat the out-of-court statements in this case differently from those we found admissible in *Inadi*. A contrary rule would result in exactly the kind of "wholesale revision" of the laws of evidence that we expressly disavowed in *Inadi*. We therefore see no basis in *Roberts* or *Inadi* for excluding from trial, under the aegis of the Confrontation Clause, evidence embraced within such exceptions to the hearsay rule as those for spontaneous declarations and statements made for medical treatment.

*Id.* at 357, 112 S.Ct. at 743, 116 L.Ed.2d at 860.

■ Campbell also contends Article I, Section 10 of the Iowa Constitution provides broader protection for a defendant's confrontation right than the federal constitution. This contention is based on Campbell's reading of *State v. Kite*, 513 N.W.2d 720 (Iowa 1994) (per curiam). In *Kite*, our supreme court found a defendant was denied his right to confrontation under both the state and federal constitution when the district court allowed a witness' deposition to be read to the jury without evidence of a good faith effort by the State to obtain his presence for trial. *State v. Kite*, 513 N.W.2d 720, 721 (Iowa 1994) (per curiam). Campbell's reliance on *Kite* is misplaced since *Kite* involved the hearsay exception of former sworn testimony. This was the same exception that was at issue in *Ohio v. Roberts*. As the United States Supreme Court found in *White*, a case involving that exception is not applicable to a case involving excited utterances and statements made to secure medical treatment.[7] As a result, we decline to apply *Kite* to the situation before us.

■ Campbell's final contention is the Confrontation Clause demands a face-to-face meeting between the defendant and the witness in front of the trier of fact. Campbell relies on *Coy v. Iowa*, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988). We, however, find the United States Supreme Court has already found the Confrontation Clause analysis in *Coy* does not apply to cases involving the issues presented by Campbell.[8] As a result, we also find *Coy* does not apply to the case before us.

---

6. The Court made specific findings regarding the reliability and guarantees of trustworthiness of the hearsay exceptions at issue.

> We note first that the evidentiary rationale for permitting hearsay testimony regarding spontaneous declarations and statements made in the course of receiving medical care is that such out-of-court declarations are made in contexts that provide substantial guarantees of their trustworthiness. But those same factors that contribute to the statements' reliability cannot be recaptured even by later in-court testimony. A statement that has been offered in a moment of excitement—without the opportunity to reflect on the consequences of one's exclamation—may justifiably carry more weight with a trier of fact than a similar statement offered in the relative calm of the courtroom. Similarly, a statement made in the course of procuring medical services, where the declarant knows that a false statement may cause misdiagnosis or mistreatment, carries special guarantees of credibility that a trier of fact may not think replicated by courtroom testimony.

*White*, 502 U.S. at 355–56, 112 S.Ct. at 742–43, 116 L.Ed.2d at 859. We recognize the same hearsay exceptions are at issue in the case before us. We, therefore, adopt the above rationale regarding the reliability and trustworthiness of such testimony.

7. While the Iowa Supreme Court is the "final arbiter of the meaning of the Iowa Constitution," when "federal and state constitutions contain similar provisions, they are usually deemed to be identical in scope, import and purpose." *State v. Roth*, 305 N.W.2d 501, 507 (Iowa 1981) (search and seizure); *State v. Davis*, 304 N.W.2d 432, 434 (Iowa 1981) (right to remain silent). "Special respect and deference is accorded the United States Supreme Court interpretations of similar language in the federal constitution." *Davis*, 304 N.W.2d at 434.

8. The Court in *White* specifically limited *Coy* when it stated:

> *Coy* and [*Maryland v.*] *Craig* [497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990)] involved only the question of what *in-court* procedures are constitutionally required to guarantee a defendant's confrontation right once a witness is testifying. Such a question is quite separate from that of what requirements the Confrontation Clause imposes as a predicate for the

## V

In conclusion, we affirm the district court on all issues raised by Campbell on appeal.

**AFFIRMED.**

CADY, J., concurs.

SACKETT, P.J., dissents.

SACKETT, Judge (dissenting).

I dissent.

There must first be a determination of unavailability of the witness. Then the fact the challenged evidence came under the hearsay exceptions would give it the required reliability to render it admissible.

introduction of out-of-court declarations. *Coy* and *Craig* did not speak to the latter question. As we recognized in *Coy*, the admissibility of hearsay statements raises concerns lying at the periphery of those that the Confrontation Clause is designed to address. There is thus no basis for importing the "necessity require-ment" announced in those cases into the much different context of out-of-court declarations admitted under established exceptions to the hearsay rule.

*White*, 502 U.S. at 358, 112 S.Ct. at 743–44, 116 L.Ed.2d at 860–61 (emphasis in original) (citations omitted).