**Robert Ray CLARK and Donald E. Clark, Appellants,**

v.

**Sheriff Gerald BANKS, As Appanoose County Sheriff, Appellee.**

No. 93–400.

Supreme Court of Iowa.

April 20, 1994.

Don E. Clark, Centerville, and Robert Ray Clark, Cincinatti, pro se.

Mark Kruse, County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

PER CURIAM.

The issue presented by this appeal is whether a sheriff has a duty to maintain weapon permit justification forms. We find no basis for imposing such a duty. Consequently, the district court properly entered summary judgment in the sheriff's favor.

The following facts are taken from Sheriff Gerald Banks' uncontested statement of material facts. Pursuant to an earlier mandamus action, the district court ordered Banks to make available to Robert Clark "those records in his possession and/or under his control dealing with the issuance of firearms." Banks made those documents available for viewing and copying. About one week after this ruling, Banks changed the policy regarding firearm justification forms: the forms were now returned to the permit applicant after the sheriff had ruled on the application. Clark filed a contempt application in the earlier mandamus action. The court found that Banks did not willfully violate its order and dismissed.

Clark and his father then filed this petition for writ of mandamus, alleging Banks placed public records in the hands of nongovernmental bodies in an attempt to prevent copies of those records from being made. They asked that Banks be ordered to recover the public records and make them available for copying as required by Iowa Code chapter 22, the open records law.

Banks filed a motion for summary judgment, contending the matter had already been decided and that he had no duty to maintain the documents. The district court found that Banks had no duty to maintain the firearm justification forms and did not hold the records. Consequently, they were not public records. The petition was dismissed and the Clarks now appeal.

■ "Any person shall have the right to examine and copy public records." Iowa Code § 22.2(1) (1993). The purpose of our open records law is "to open the doors of government to public scrutiny—to prevent government from secreting its decision-making activities from the public, on whose behalf it is its duty to act." *Head v. Colloton,* 331 N.W.2d 870, 873–74 (Iowa 1983). Thus, to effectuate the "liberal policy of access," *id.* at 874, the Clarks have a right to examine and copy the firearm justification forms if they are public records. If, however, the sheriff has no duty to maintain the forms, they are not public records and this action was properly dismissed.

Sheriffs carry out the duties of issuing and revoking firearm permits. Iowa Code § 331.653(59). Before a permit can be issued, an applicant must complete an application form published by the commissioner of public safety. Iowa Code § 724.10. If the applicant can "reasonably justify going armed," Iowa Code § 724.7, and is otherwise qualified, *see* Iowa Code § 724.8, the sheriff may issue a permit. *See* Iowa Code § 724.11 ("The issuance of the permit shall be by and at the discretion of the sheriff."). Application for a firearm permit is made on Form WP2. 661 Iowa Admin.Code 4.2(4) ("A two-part form that shall be used to apply for a nonprofessional permit and as a nonprofessional permit."). That form is to be accompanied by Form WP5, which contains the applicant's "reasonable justification for going armed." *See* 661 Iowa Admin.Code §§ 4.2(7), 4.4(1). If a permit is issued, one copy of Form WP2 is sent to the commissioner of public safety who is charged with the duty of maintaining "a permanent record of all valid permits to carry weapons and of current permit revocations." Iowa Code § 724.23 (1993).

Sheriffs were formerly assigned the duty of maintaining firearm permit records. *See* Iowa Code § 695.16 (1975). However, the legislature repealed that duty effective January 1, 1978, at which time the duty to keep such records was assigned to the commissioner of public safety. 1976 Iowa Acts ch. 1245; Iowa Code § 724.23.

■ We conclude Iowa Code section 724.23 defines and establishes the extent of the duty to maintain firearm permit records. Firearm permits and revocations held by the commissioner of public safety in the commissioner's official capacity are public records.

*Dubuque v. Dubuque Racing Ass'n,* 420 N.W.2d 450, 452 (Iowa 1988); *cf. Des Moines Register & Tribune Co. v. Hildreth,* 181 N.W.2d 216, 218 (Iowa 1970) (*in dicta* the court assumes applications to carry a weapon are public records subject to disclosure because section 695.16 obligated sheriffs to keep a record and no statute prohibited the release of that information). Each permit identifies the holder and states "the reason for the issuance" and its limits of authority. Iowa Code § 724.7. The permit form also includes a section entitled "reason for requesting this permit." Therefore, the permanent public record appears to contain at least some version of the justification information upon which a sheriff relies. The public is thus provided an avenue of scrutinizing the conduct of those charged with issuing firearm permits.

In summary, Iowa Code section 724.23 assigns the duty to maintain firearm permit records to the commissioner of public safety. The justification forms are not held by Sheriff Banks, and we find no basis in the Iowa or Administrative Codes for imposing a duty upon the sheriff to maintain firearm permit application material. There is no express prohibition against returning the application forms to applicants. We reject the Clarks' contention that a duty for a sheriff to maintain the records is created by a statement ("this form to be retained by the issuing official") included on Form WP5. *Cf. Hollinrake v. Law Enforcement Academy,* 452 N.W.2d 598, 601 (Iowa 1990) (it is ultimately the duty of the court to determine matters of law). To the extent the Clarks are arguing that a sheriff *should* be required to maintain firearm justification forms, that contention is more appropriately addressed to the legislature. Moreover, we express no opinion as to the wisdom of Sheriff Banks' policy of returning the forms to applicants. The district court properly entered summary judgment in Banks' favor.

**AFFIRMED.**