**IN THE COURT OF APPEALS OF IOWA**

No. 22-0064
Filed March 29, 2023

**DANIEL WAYNE OCKENFELS,**
  Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
  Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Samantha Gronewald,

Judge.


The applicant seeks postconviction relief from his convictions for assault on

a peace officer and disarming a police officer of a dangerous weapon. **AFFIRMED.**



Gary Dickey of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for

appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee State.


Considered by Tabor, P.J., Schumacher, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**CARR, Senior Judge.**

Daniel Ockenfels seeks postconviction relief (PCR) from his convictions for assault on a peace officer and disarming a police officer of a dangerous weapon. Ockenfels has not shown he received ineffective assistance due to defense counsel's failure to file a motion to suppress, object to a witness's statement, or raise the defense of justification and necessity. Also, he has not supported his claim of actual innocence. We affirm the district court's decision denying his PCR application.

## I.      Background Facts & Proceedings

On March 21, 2018, a Des Moines police officer attempted to initiate a traffic stop of a vehicle driven by Ockenfels. Ockenfels drove off and a high-speed chase ensued. Officers managed to stop Ockenfels's vehicle with a pursuit intervention technique, but Ockenfels tried to escape on foot. The officers ran after Ockenfels, who punched one of the officers in the face twice. Ockenfels obtained the officer's taser and threatened to shoot the officer. The officers subdued and arrested Ockenfels.

Ockenfels was convicted of assault on a peace officer, in violation of Iowa Code section 708.3A(2) (2018), and disarming a police officer of a dangerous weapon, in violation of section 708.13.[1] The convictions were affirmed on appeal. *State v. Ockenfels*, No. 18-1721, 2020 WL 110301, at *3 (Iowa Ct. App. Jan. 9, 2020).

---

[1] Ockenfels was also convicted of driving while barred and eluding. His PCR application does not address these convictions.

On August 28, 2020, Ockenfels filed a PCR application. He claimed he received ineffective assistance due to defense counsel's (1) failure to file a motion to suppress; (2) object to a statement by the prosecutor during closing arguments; or (3) raise the defense of justification. He also raised a claim of actual innocence.

At the PCR hearing, Ockenfels testified police officers used excessive force. He claimed he did not hit anyone. Ockenfels stated it felt like the taser was placed in his hand. Ockenfels denied using any curse words. He believed he was prejudiced because defense counsel did not object to a witness's statement that Ockenfels called the officers "motherf***ers." He also claimed defense counsel should have raised the defense of justification or self-defense during the criminal trial. Defense counsel testified it would have been inconsistent to raise a defense of justification when Ockenfels denied using force against the officers.

The district court denied Ockenfels PCR application. The court found officers did not use excessive force when they arrested Ockenfels, noting "[a]n uncoooperative suspect who is attempting to flee justifies the imposition of more force." Also, the prosecutor legitimately referenced the testimony of an officer and Ockenfels was not prejudiced by the statement. The court determined defense counsel made a strategic decision not to raise the defense of justification as it was inconsistent with Ockenfels's testimony at the criminal trial. Finally, the court found Ockenfels did not support his claim of actual innocence with clear and convincing evidence. Ockenfels appeals the district court's decision.

## II. Ineffective Assistance

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of

ineffective assistance of counsel, an applicant must prove: (1) counsel failed to perform an essential duty and (2) the failure resulted in prejudice. *State v. El-Amin*, 952 N.W.2d 134, 138 (Iowa 2020). "We presume counsel performed competently unless the claimant proves otherwise by a preponderance of the evidence." *State v. Booth-Harris*, 942 N.W.2d 562, 577 (Iowa 2020). "Prejudice occurs if 'there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Warren*, 955 N.W.2d 848, 859 (Iowa 2021) (citation omitted).

**A.** Ockenfels claims he received ineffective assistance because defense counsel did not file a motion to suppress his statements and conduct following the use of excessive force by police officers.

Ockenfels testified at the PCR hearing, "I didn't hit anybody; I didn't take anybody's weapon." During his criminal trial, however, Officer James Chadwick testified that as he was pursuing Ockenfels, Ockenfels turned around and punched the officer in the face twice then took his Taser. The officer responded by punching Ockenfels in an effort to get away. Officer Ryan Doty testified that he came on the scene when Ockenfels was struggling with Officer Chadwick and Ockenfels said, "I've got a gun, motherf***er." Other officers used a Taser on Ockenfels and were able to take him into custody.

"A peace officer, while making a lawful arrest, is justified in the use of any force which the peace officer reasonably believes to be necessary to effect the arrest or to defend any person from bodily harm while making the arrest." Iowa Code § 804.8(1). In determining whether force is reasonable, a court uses an objective standard. *Chelf v. Civ. Serv. Comm'n of City of Davenport*, 515 N.W.2d

353, 355 (Iowa Ct. App. 1994). The PCR court found "police officers did not use excessive force when they arrested Ockenfels" and we agree with this assessment. Ockenfels has not shown defense counsel breached an essential duty by failing to file a motion to suppress based on the officers' use of excessive force, as the force used was reasonable to the circumstances.

Also, Ockenfels has not shown he was prejudiced by defense counsel's performance. In his brief on appeal, Ockenfels does not specify the statements or conduct he believes should be suppressed. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) ("The applicant must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome."). Furthermore, Ockenfels has not cited authority to show that even if excessive force had been used, the proper remedy would be to suppress statements made at the time of arrest. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). We conclude Ockenfels has failed to show he received ineffective assistance on this issue.

**B.** Ockenfels contends he received ineffective assistance because defense counsel did not object during the prosecutor's questioning of Officer Doty. During the criminal trial, the following exchange occurred:

> Q. I'm going to publish State's Exhibit No. 17. (The video was played.)
> Q. What did you hear there? Even though it's a little muffled, you were right at the scene. What did you just hear? A. I've got a gun, motherf***er.
> Q. Who said that? A. Mr. Ockenfels.
> Q. When officers hear an individual say, I have a gun, motherf***er, what comes to mind? A. That we need—

Q. What concerns do you have? A. That somebody is going to get shot, that one of my officers is going to get shot.

Ockenfels argues that defense counsel should have objected to Officer Doty's testimony that he used the term "motherf***ers," as he believes this prejudiced the jury against him. At the PCR hearing, Ockenfels testified that he does not curse or use swear words. He testified he believed Officer Doty used the term but the officer falsely attributed it to him.

Defense counsel testified at the PCR hearing that he did not remember any issue during the trial about the use of profanity. The PCR court concluded Ockenfels did not show that if the statement had not been attributed to Ockenfels, the result of the trial would have been different. Based on the testimony of the officers and the videotape evidence, we find the result of the trial would not have been different if the evidence that Ockenfels used the term "motherf***ers" was excluded. We conclude Ockenfels has not shown he was prejudiced by defense counsel's alleged unprofessional errors. *See Warren*, 955 N.W.2d at 859. "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). We determined Ockenfels has not shown he received ineffective assistance on this ground.

**C.** Ockenfels asserts that he received ineffective assistance because defense counsel did not research or assert the defenses of justification and necessity.[2] At the PCR hearing, Ockenfels testified he had a good faith belief and

---

[2] "Justification is a statutory defense permitting a person to use reasonable force, including deadly, if that person reasonably believes the force used was necessary to defend himself or another from any imminent use of unlawful force." *State v.*

fear of bodily injury from the officers and took steps reasonably necessary to attempt to avoid injury. He states that he used reasonable force in an effort to defend himself. He also claimed that in a choice between two evils—getting beat up or using force against the officers—he opted for what he believed was the lesser evil—striking an officer.

At the criminal trial and during the PCR hearing, Ockenfels testified he did not assault anyone and did not use force against anyone. At the PCR hearing, however, he also testified counsel should have raised a justification defense. Defense counsel testified that a defense of justification or necessity would have been inconsistent with Ockenfels's testimony "[b]ecause those defenses assume that there was a use of force." Defense counsel stated the defenses of justification and necessity were not raised for strategic reasons.

In general, "strategic decisions made after 'thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Ledezma*, 626 N.W.2d at 143 (citation omitted). "Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel." *Id.* Ockenfels has not shown he received ineffective assistance due to defense counsel's strategic decision not to raise inconsistent defenses.

### III.    Actual Innocence

Ockenfels claims the PCR court should have granted his request for relief on the ground of actual innocence. "[A] [PCR] applicant can establish a claim of

---

*Fordyce*, 940 N.W.2d 419, 425 (Iowa 2020) (citing Iowa Code § 704.1). In the defense of necessity, a defendant is "required to choose the lesser of two evils and thus avoid[] a greater harm by bringing about a lesser harm." *State v. Harrison*, 473 N.W.2d 242, 243 (Iowa Ct. App. 1991).

actual innocence only upon clear and convincing evidence he or she was factually innocent of the offense of conviction, including any lesser included offenses thereof." *Dewberry v. State*, 941 N.W.2d 1, 10 (Iowa 2019).

> For an applicant to succeed on a freestanding actual-innocence claim, the applicant must show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all the evidence, including the newly discovered evidence.

*Schmidt v. State*, 909 N.W.2d 778, 797 (Iowa 2018). We review a claim of actual innocence de novo. *Dewberry*, 941 N.W.2d at 4.

Ockenfels did not present any new evidence at the PCR hearing to support his claim of actual innocence. He asked the court to review the evidence presented during his criminal trial. The PCR court found there was substantial evidence in the record to support the jury's verdict. We conclude Ockenfels has failed to show by clear and convincing evidence that no reasonable fact finder would convict him. *See Schmidt*, 909 N.W.2d at 797. We find Ockenfels has not shown he was actually innocent of the offenses for which he was convicted.

We affirm the district court's decision denying Ockenfels's PCR application.

**AFFIRMED.**