**STATE of Iowa, Appellee,**

v.

**Tommy Dale CROSS, Appellant.**

**No. 64894.**

Supreme Court of Iowa.

July 15, 1981.

Gary K. Anderson, Troyce A. Wheeler, and Richard H. Gross, Council Bluffs, for appellant.

Thomas J. Miller, Atty. Gen., Merle Wilna Fleming, Asst. Atty. Gen., and David E. Richter, Pottawattamie County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, ALLBEE, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

Following a trial to the court defendant appeals his conviction of first-degree kidnapping, in violation of sections 710.1 and 710.2, The Code. He contends the evidence was insufficient to prove the victim was "intentionally subjected to torture or sexual abuse." We agree with the State there is ample evidence to support a conviction based on intentional subjection to torture, and therefore it is unnecessary to reach the question of sexual abuse. Accordingly, we affirm.

The facts are essentially undisputed.

At about 6:50 a. m. on October 26, 1979, defendant forced his way into the victim's car as she was entering it at a Council Bluffs truck stop. Defendant told the woman he just had killed a man and wished to escape to Canada. He said he had a gun and would kill her if she did not cooperate.

Defendant drove the victim's car west on interstate 80 toward Nebraska. Eventually the victim was allowed off the floor and directed to sit next to the defendant. When she did he put his arm around her and fondled her breast. Outside of Omaha, Cross left the interstate, stopped near a field, and ordered the victim to take off her clothes. When she tried to escape, defendant struck her several times, tore off her clothes, bit her breasts, knocked her to the ground, and choked her. She apparently lost consciousness. Defendant locked the nude woman in the car trunk, drove back to Council Bluffs to retrieve his belongings, then proceeded north on interstate highway 29.

More than two hours later defendant removed the victim from the trunk. He gave her a raincoat and some of his clothing to wear, and ordered her to lie down on the front seat with her head in his lap.

In South Dakota, defendant left the interstate and parked the car on a side road. After talking about having sex with the victim, defendant placed his finger in her vagina, but no intercourse occurred.

While driving, the defendant was "eating pills," apparently stimulants. Not long after the victim persuaded defendant to throw the pills out the window, he became drowsy. The victim was permitted to drive after she promised to take defendant to Canada. When defendant left the car for food at a service station in Grand Forks, North Dakota, the victim escaped in the car and drove to the local police station. It was then more than twelve hours after her abduction. She was hospitalized with a three-inch gash on her head, and other lacerations and bruises.

Defendant gave a statement to the police in Council Bluffs after waiving his *Miranda* rights. The tape of his confession was received as evidence.

Trial court found defendant removed and confined the victim without authority or her consent and used her as a shield or hostage. *See* § 710.1(2), The Code. This constitutes kidnapping in the third degree. *Id.* § 710.4. To obtain a conviction of first-degree kidnapping, the State additionally was required to prove the kidnapped person (1) suffered serious injury, or (2) was intentionally subjected to torture, or (3) was intentionally subjected to sexual abuse. *Id.* § 710.2.

Before trial commenced the State amended the trial information to delete the allegation of "serious injury," apparently under the impression the proof would not meet the requirements of the section 702.18 definition. See, however, *State v. Anderson*, 308 N.W.2d 42, 46–47 (Iowa 1981). Trial court denied defendant's "motion for directed verdict" (more appropriately, motion for judgment of acquittal, *see* Iowa R.Crim.P. 18(10)), and later ruled defendant was guilty of first-degree kidnapping based on the second and third statutory grounds. Appealing, defendant argues we should reverse "and remand the case for Trial on the charge of Kidnapping in the Third Degree."

I. We hold the record reveals sufficient evidence to permit the fact finder to conclude that defendant "intentionally subjected [the kidnap victim] to torture," and that section 710.2, The Code, thereby was satisfied.

Unlike the other terms in this statute, "torture" is not defined in the Iowa criminal code. Unless otherwise defined by the legislature or the law, terms in a statute are attributed their ordinary meaning. *State v. Jackson*, 305 N.W.2d 420, 422 (Iowa 1981); *see State v. Burford*, 308 N.W.2d 31, 33 (Iowa 1981).

The three decisions by other state supreme courts defendant cites address "murder by torture" statutes. *State v. Kountz*, 108 Ariz. 459, 461–62, 501 P.2d 931, 933–34 (1972); *People v. Steger*, 16 Cal.3d 539, 543–44, 546 P.2d 665, 667–68, 128 Cal.Rptr. 161, 163–64 (1976); *State v. Bentford*, 39 N.M. 293, 295–98, 46 P.2d 658, 660–61 (1935). The elements of that esoteric crime are not present in the facts and statute before us. Additionally, case law developments in those jurisdictions have ascribed special meanings to the term "torture."

Commentators on the criminal code suggest "torture" ordinarily means "the intentional infliction of pain [either] mental or physical," *see* Dunahoo, *The New Iowa Criminal Code: Part II*, 29 Drake L.Rev. 491, 554 n.570 (1980), and "the deliberate infliction of severe pain," *see* J. Yeager and R. Carlson, 4 *Iowa Practice: Criminal Law and Procedure* § 236 (1979). Trial court fashioned a more exacting definition of torture that encompassed the elements these definitions emphasize: that the action be deliberate or intentional, and that pain be inflicted. *See also Webster's Third New International Dictionary* 2414 (1976) ("the infliction of intense pain ... to punish or coerce someone").

■ II. Defendant argues we should adopt the requirement that the kidnap victim's "pain and suffering be undue or extreme and unnecessary to the basic offense" before it rises to section 710.2 torture. He asserts, and contends we should find, that his "assault [of his victim] was no more than necessary to the maintenance of control over her."

On review, we consider the evidence in the light most favorable to the State. *State v. Gibb*, 303 N.W.2d 673, 685 (Iowa 1981). We first note defendant's detailed confession was unchallenged and admitted into evidence without objection. It corroborated most of the victim's testimony. Defendant ripped off the victim's clothes and hit her several times, one blow producing a large wound on her head. He bit her breasts, chained her hands, and carried her in the car trunk for miles, nude and unconscious, in the cold of late October. During the twelve-hour ordeal defendant constantly threatened to kill the victim and to inflict oral and anal sexual abuses. He exposed himself to her, fondled her breasts, and penetrated her vagina with his finger. Defendant admitted that when the victim tried to escape, "I must have landed an awful good backhand ... [for] her lips were all puffed up ... just mangled."

We find more than enough evidence in the record to allow a rational fact finder to conclude defendant intentionally tortured his victim by acts causing severe combined physical and mental pain and suffering. Defendant's conviction of first-degree kidnapping is affirmed.

AFFIRMED.