STATE of Iowa, Appellee,

v.

Terry Lee SCHERTZ, Appellant.

No. 67064.

Supreme Court of Iowa.

Feb. 16, 1983.

Rehearing Denied March 10, 1983.

Francis C. Hoyt, Jr., Appellate Defender, and Scott D. Rosenberg, Asst. Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen. and Shirley Ann Steffe, Asst. Atty. Gen., for appellee.

Considered by LeGRAND, P.J., and McCORMICK, McGIVERIN, LARSON, and SCHULTZ, JJ.

LARSON, Justice.

This defendant appeals his judgment and sentence for first-degree murder, Iowa Code sections 707.1, 707.2; first-degree kidnapping, sections 710.1, 710.2; and second-degree theft, sections 714.1, 714.2(2). Companion cases, arising from a joint trial have been previously reported: *State v. Gavin,* 328 N.W.2d 501 (Iowa 1983); *State v. (Sheila Mae) Schertz,* 328 N.W.2d 320 (Iowa 1982); *State v. LeCompte,* 327 N.W.2d 221 (Iowa 1982).

Schertz raises three issues: (1) there was insufficient evidence to sustain the kidnapping conviction; (2) the trial court erred in allowing the State to amend the kidnapping charge; and (3) he was denied effective assistance of counsel. We affirm.

I. *Sufficiency of Kidnapping Evidence.*

Kidnapping in the first degree is committed

when the person kidnapped, as a consequence of the kidnapping, suffers serious injury, *or is intentionally subjected to torture* or sexual abuse.

(Emphasis added.) Iowa Code § 710.2. This defendant contends there was insufficient evidence to support a finding of torture, which was the only basis of first-degree kidnapping submitted to the jury. This specific ground was raised earlier in *State v. (Sheila Mae) Schertz* and resolved against the defendant. 328 N.W.2d at 321. That decision controls on this issue.

## II. *Amendment of Trial Information.*

The county attorney's information initially charged first-degree kidnapping by alleging the defendants confined the victim and removed him from one place to another "with intent to use such person as a shield or hostage or to inflict serious injury upon" him. Three days before trial, the court allowed the State to amend the kidnapping charge by adding an additional alternative, that the defendants "intentionally subject[ed] him to torture." Schertz argues this amendment violated criminal rule 4(8), which provides:

> The court may, on motion of the state, either before or during the trial, order the indictment amended so as to correct errors or omissions in matters of form or substance. Amendment is not allowed if substantial rights of the defendant are prejudiced by the amendment, or if a wholly new and different offense is charged.

Two concerns are expressed by the rule: (1) the amendment must not prejudice substantial rights of the defendant; and (2) it must not charge a "wholly new and different offense." Schertz contends this amendment was improper under both grounds: the elements of serious injury, initially charged as the basis of first-degree kidnapping, are different from the elements of torture charged by the amendment, and the amendment therefore charges a "wholly new and different" offense, according to

him. In addition, he argues his substantial rights were prejudiced because "torture" is not defined in the statute and had not, as of the time of trial, been defined by any of our cases.[1] In order to defend against the allegation of torture he contends his counsel would have to "defend against all the definitions possible," and he did not have time to do it.

■ A. *The "wholly new and different offense" argument.* We have held that amending to add another means of committing a particular offense does not amount to alleging a new offense. *State v. Williams,* 305 N.W.2d 428, 431 (Iowa 1981) (amendment to delivery for profit and possession with intent to deliver controlled substance information, adding count of conspiracy to commit those acts, permissible); *State v. Sharpe,* 304 N.W.2d 220, 223 (Iowa 1981) (amending a charge of first-degree murder by alleging a different means of committing the crime as specified in Iowa Code section 707.2, permissible). Here, the amendment to allege first-degree kidnapping by means of torture did not charge a new offense; first-degree kidnapping had already been charged on the basis the defendants had intended to inflict serious injury.

■ B. *The prejudicial effect of the amendment.* The question remains whether the amendment prejudiced "substantial rights" of the defendant under rule 4(8). The defendant claims the amendment should not have been allowed because, as he argued in connection with his "wholly new offense" argument, the term "torture" is undefined in the statute. He complains he was unable to adjust his trial strategy to meet the new issue in the time available before trial.

The appropriate remedy for a defendant's claim of surprise is, of course, to order a continuance, and the defendant argues it was error to deny him one to deal with the amendment. The State responds that the defendant did not request a continuance,

1. Following trial of this case, we considered the meaning of torture under the kidnapping statute in *State v. Cross,* 308 N.W.2d 25 (Iowa 1981).

that a passing reference to a continuance in his oral resistance to the amendment was not sufficient. We believe that the defendant's statement that the amendment was "such a change that it would call for a continuance" was sufficient to alert the trial court to the problem even though he did not expressly request a continuance. We conclude, however, that it was not error to deny the request. This is largely a matter of trial court discretion. *State v. Marti*, 290 N.W.2d 570, 588 (Iowa 1980); *U.S. v. Campbell*, 609 F.2d 922, 925 (8th Cir.1979), *cert. denied*, 445 U.S. 918, 100 S.Ct. 1282, 63 L.Ed.2d 604 (1980); 22 C.J.S. *Crim.Law* § 586 at 80 (1961); *see also* Iowa R.Crim.P. 4(8)(d).

In *State v. Cross*, 308 N.W.2d 25, 26 (Iowa 1981), we observed that where a term such as torture is not defined in a statute, it will be given its ordinary meaning. In fact, the definition adopted by the trial court closely tracked with the dictionary definition of torture. *See Webster's Third New International Dictionary* 2414 (1976); *see also Cross*, 308 N.W.2d at 26. Under these circumstances, prejudice to the defendant has not been established.

III. *Ineffective Assistance of Counsel.*

The defendant complains he was denied effective assistance of counsel and supports the claim by referring to six specific incidents occurring during the trial. He concedes, however, that on this direct appeal the record is insufficient to assess a claim of ineffective counsel. We agree. *See State v. Schoelerman*, 315 N.W.2d 67, 71 (Iowa 1982). This issue must be presented if at all, in postconviction proceedings under Iowa Code chapter 663A.

AFFIRMED.