STATE of Iowa, Appellee,

v.

David Allen STREETS, Appellant.

No. 67061.

Supreme Court of Iowa.

Feb. 16, 1983.

G. David Binegar, Davenport, for appellant.

Thomas J. Miller, Atty. Gen. and Shirley Ann Steffe, Asst. Atty. Gen., for appellee.

Considered by LeGRAND, P.J., and McCORMICK, McGIVERIN, LARSON, and SCHULTZ, JJ.

LARSON, Justice.

This defendant appeals from his convictions of first-degree murder, Iowa Code sections 707.1, 707.2; first-degree kidnapping, sections 710.1, 710.2; and second-degree theft, sections 714.1, 714.2(2). He was tried with four other defendants, and their appeals have been resolved. *See State v. Le-Compte,* 327 N.W.2d 221 (Iowa 1982); *State v. (Sheila Mae) Schertz,* 328 N.W.2d 320 (Iowa 1982); *State v. Gavin,* 328 N.W.2d 501 (Iowa 1983); and *State v. (Terry Lee) Schertz,* 330 N.W.2d 1, filed today.

The facts of the case were set out in *State v. LeCompte,* 327 N.W.2d at 222 and need not be repeated here. This defendant asserts four errors, all but one of which have been resolved adversely to him in the earlier appeals. He claims (1) his trial should have been severed from the others; (2) illegally seized evidence was admitted; (3) the court erred in allowing an amendment to the information three days prior to trial; and (4) the court's felony murder instruction based upon robbery should have been limited to the robbery of the victim who was actually killed, not another victim who survived. We find no merit in any of the issues raised and therefore affirm.

I. *Denial of the Motion to Sever.*

▮ Streets complains that the trial court's denial of a severance was prejudicial because of the other defendants' attempts to shift the blame to him and in their reference at trial to other crimes in which he was allegedly involved.

Iowa Rule of Criminal Procedure 6(4) provides for joint trials under certain circumstances:

(a) *Multiple defendants.* Two or more defendants may be charged in the same indictment, information, or complaint if they are alleged to have participated in the same act or the same transaction or occurrence out of which the offense or offenses arose. Such defendants may be charged in one or more counts together or separately, and all defendants need not be charged in each count.

(b) *Prosecution and judgment.* When an indictment charges a defendant with a felony, and the same indictment charges two or more defendants, those defendants jointly charged may be tried jointly, if in the discretion of the court a joint trial will not result in prejudice to one or more of the parties; otherwise, the defendants shall be tried separately. Where jointly tried, each defendant shall be judged separately on each count.

This rule was first addressed in *State v. Belieu,* 288 N.W.2d 895 (Iowa 1980), which established several principles applicable here: (1) a denial of the severance motion will be reversed only upon a showing ·of abuse amounting to a denial of a fair trial; (2) mere hostility or attempts to blame others among co-defendants is insufficient to show such prejudice; and (3) prejudice may be avoided by the exercise of cross-examination rights by co-defendants and the use of limiting instructions. *Belieu,* 288 N.W.2d at 900.

In *Belieu,* we held the trial court abused its discretion under Rule 6(4) by admitting testimony of a co-defendant about other crimes involving Belieu, evidence which would have been inadmissible against him

under any recognized exception to the rule prohibiting evidence of other crimes. 288 N.W.2d at 898–901. In *Belieu,* the crimes in question had actually been committed and were totally unrelated to the prosecution. Here, the co-defendant's testimony about which Streets complains was not about other crimes at all but was merely a recitation of conversations among Streets and other co-defendants. These conversations, testified to by co-defendant LeCompte, were apparently calculated by him to lend credibility to his claim that he was coerced by the others. The conversations took place on the evening before, and the evening of, the day the crime was committed. According to LeCompte, the others "were talking about going to [a] pawn shop and ripping it off" and about killing LeCompte's brother, who they saw in a cafe on the morning of the crime, "just to watch him die."

Streets' reliance on *Belieu* is misplaced. The crimes discussed by Streets and the others were never actually committed; moreover, the trial court concluded, and we agree, that these conversations would have been admissible against Streets in the State's case against him as evidence of the planning which went into the execution of this crime. *Belieu* held this factor was alone sufficient to avoid any prejudice arising from a joint trial. *Belieu,* 288 N.W.2d at 900.

Prejudice sufficient to constitute denial of a fair trial has not been shown; the trial court's discretion under Rule 6(4) was therefore not abused.

## II. *The Fourth Amendment Issue.*

■ At approximately 9:30 p.m. on the day following the crime, the police chief of Huntington, Indiana, saw a car driving slowly with its lights out through a parking lot near the police station. The driver stopped, left the car at an alley, walked approximately 40 feet down the alley and looked toward a closed filling station. He returned to the car and again left it to walk down the alley and look toward the station. He again returned to the car and began to drive away. The police officer followed the car to get a license plate number, but the plate was obscured by dirt. (An Indiana statute makes it illegal to operate a vehicle with an obscured license plate.) Another officer was summoned, and the subject vehicle was pulled over to the curb. The officers read the license number, radioed it in, and were advised the car was stolen and the occupants were wanted in connection with a homicide in Iowa. LeCompte, Gavin, and Streets were arrested.

Several items were seized from the car as well as from Streets and his companions. These items included a knife with blood stains matching the blood of the murder victim, a billfold taken from Russell Greer, a witness to the killing, and bank records of the murder victim. Clothing worn by Streets, bearing matching blood stains, was also seized.

The police officers from Indiana testified to the circumstances leading up to the arrest, and Streets does not challenge their accuracy. He contends only that these circumstances were not sufficient to constitute probable cause for the arrest, and the items seized were therefore inadmissible. Even assuming, as Streets argues, that "suspicious activities" of the driver and his companions were insufficient grounds for an investigatory stop under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and the Indiana case law, this argument ignores the fact that a violation of the Indiana license plate law was observed by the officers, and they testified that this was the basis of the arrest. Items seized in a search incident to a valid arrest are admissible at a later trial, even though they have no relationship to the offense for which the arrest was made. *United States v. Robinson,* 414 U.S. 218, 235–36, 94 S.Ct. 467, 476–77, 38 L.Ed.2d 427, 440–41 (1973) (arrest for traffic offense; heroin seized admissible in trial for a narcotics offense); *Gustafson v. Florida,* 414 U.S. 260, 265–66,

94 S.Ct. 488, 491–92, 38 L.Ed.2d 456, 461–62 (1973) (same).

### III. *Amendment of the Trial Information.*

■ Streets complains that an amendment to the trial information three days prior to trial was impermissible under Iowa Rule of Criminal Procedure 4(8)(a). We addressed this precise issue in the companion case of *State v. (Terry Lee) Schertz*, 330 N.W.2d 1 (Iowa 1983), which held the amendment was properly allowed. That case controls on this issue.

AFFIRMED.