# IN THE COURT OF APPEALS OF IOWA

No. 13-1062
Filed August 13, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RICARLESS L. LIPSEY,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

A defendant appeals from his judgment and sentence. **AFFIRMED.**

Joel Walker of Law Offices of Joel Walker, of the Law Offices of Joel Walker, Davenport, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brad P. Walz, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**VAITHESWARAN, P.J.**

Ricarless Lipsey appeals his judgment and sentence for possession of marijuana with intent to distribute, as a second and habitual offender, and eluding as an habitual offender. He contends (1) there was insufficient evidence to support the jury's finding that he possessed marijuana with the intent to deliver; (2) the district court abused its discretion in allowing the State to amend its trial information on the first day of trial, and in denying his request for a continuance in light of the amendment; (3) the district court erred in admitting hearsay evidence; and (4) the district court did not follow the proper procedure in enhancing his sentence.

## I. Sufficiency of the Evidence

The jury was instructed that the State would have to prove the following elements of possession of a controlled substance, marijuana, with intent to deliver:

> 1. On or about the 23rd day of September, 2012, the defendant knowingly possessed a controlled substance; Marijuana.
> 2. The defendant knew that the substance he possessed was a controlled substance; Marijuana.
> 3. The defendant possessed the substance with the intent to deliver.

Lipsey does not dispute the first and second elements. Focusing on the third element, he argues "[t]here was no evidence [he] sold the marijuana. There were no eye witnesses to a drug transaction. The cell phone evidence referenced the defendant buying marijuana not selling it to a third party." Our review is for substantial evidence. *State v. Bass*, 349 N.W.2d 498, 500 (Iowa

1984). The evidence does not include the cell phone records cited by Lipsey. Therefore, we will not consider those records.

From the duly admitted evidence, a reasonable juror could have found the following facts. Waterloo police officers chased a speeding vehicle until it crashed. They found Lipsey inside. They also found four loose baggies of green material and additional loose, clean baggies. Later testing confirmed the green material was marijuana weighing between .5 and .6 grams per baggie.

Police officers testified that, in their experience, people possessing marijuana for personal use kept it on their person in a single "small plastic bag" rather than in multiple baggies. In the view of law enforcement, the fact the filled baggies contained equal amounts of the drug was also inconsistent with personal use. One of the officers opined that the packaging of the marijuana was consistent with sale and distribution. *See State v. Grant*, 722 N.W.2d 645, 648 (Iowa 2006) (stating intent to deliver a controlled substance could be inferred from the manner of packaging drugs). As for the empty baggies, an officer testified that he often looked for "clean, unused bags" in drug distribution cases because sellers rather than buyers usually provided the packaging for the drugs.

A reasonable juror could have credited the officers' testimony over Lipsey's assertion that he purchased marijuana from a dealer, who placed the drug in a balled up tissue because he did not have bags, forcing Lipsey to buy baggies, which were only available in packs. *See id.* (stating opinion testimony from law enforcement personnel experienced in the area of drug sales could be offered to aid the jury in determining intent); *see also State v. Arne*, 579 N.W.2d 326, 328 (Iowa 1998) (stating "[t]he credibility of witnesses, in particular, is for the

jury"). A reasonable juror also could have found the division of the marijuana into four virtually equal increments was inconsistent with Lipsey's testimony that he "put [the marijuana] in bags" to keep it fresh and moist for later personal use. Substantial evidence supports the jury's finding of guilt on the possession-of-marijuana-with-intent-to-deliver charge.

## II. *Amendment of Trial Information/Motion to Continue*

On the day trial was to begin, the State moved to amend the trial information to include a count of possession of marijuana, third offense as a habitual offender, a lesser included offense of possession of marijuana with intent to deliver. According to the prosecutor, his proposed amendment, which was "already included in the minutes," would charge Lipsey with a third offense and habitual felon status enhancement if he were found guilty of the lesser included offense. Lipsey's attorney objected to the motion. He conceded the proposed amendment did not "necessarily affect[] the factual issues that we are dealing with here today," but asserted "it may substantially affect the punishment potentials and the dynamics of the way the [S]tate is proceeding forward with the various charges." Counsel also requested a continuance. The district court granted the motion to amend and denied the motion for a continuance. Lipsey contends both rulings were in error.

Iowa Rule of Criminal Procedure 2.4(8) governs amendments to trial informations, and provides in part:

> The court may, on motion of the state, either before or during the trial, order the indictment amended so as to correct errors or omissions in matters of form or substance. Amendment is not allowed if substantial rights of the defendant are prejudiced by

the amendment, or if a wholly new or different offense is charged.

Iowa R. Crim. P. 2.4(8)(a). Lipsey focuses on the second part of the rule prohibiting an amendment "if substantial rights of the defendant are prejudiced."[1] We review a ruling on this aspect of the rule for errors of law. *State v. Maghee*, 573 N.W.2d 1, 5 (Iowa 1997).

In *State v. Brothern*, 832 N.W.2d 187, 196 (Iowa 2013), the Iowa Supreme Court held that "amending the information during trial to add an enhancement can prejudice 'substantial rights of the defendant'—if the defendant had no prior notice of the State's plan to amend and would have pled guilty had he or she known of that plan before trial." Lipsey had prior notice of the proposed amendment. First, he was only entitled to notice of the greater offense. *See* Iowa R. Crim. P. 2.6(1) (stating "[w]here a public offense carries with it certain lesser included offenses, the latter should not be charged, and it is sufficient to charge that the accused committed the major offense") and Iowa R. Crim. P. 2.22(3) (stating "[i]n all cases, the defendant may be found guilty of any offense the commission of which is necessarily included in that with which the defendant is charged"). Second, Lipsey knew of the State's intent to pursue sentencing enhancements because the original trial information charged Lipsey as "a second offender and habitual offender" and the minutes of testimony identified a State witness who would be available to prove up his prior convictions. We discern no error in the district court's decision to allow the amendment.

---

[1] Lipsey appears to concede that the amendment did not charge "a wholly new or different offense."

Because Lipsey was on notice of the amendment, the district court did not abuse its discretion in denying Lipsey's motion for continuance. *See State v. Schertz*, 330 N.W.2d 1, 3 (Iowa 1983) (concluding ruling on motion was "largely a matter of trial court discretion"); *Steinkuehler v. State*, 507 N.W.2d 716, 723 (Iowa Ct. App. 1993) (holding defendant not prejudiced by failure of counsel to request continuance following amendment of trial information).

### III. Hearsay Evidence

During trial, the prosecutor asserted he had a list of text messages pursuant to a search warrant, obtained from a phone seized from Lipsey during his arrest. The prosecutor stated he would not seek admission of the evidence in the State's case in chief, but might use the messages on cross-examination of Lipsey, should he testify, or on rebuttal. Lipsey resisted, claiming surprise and prejudice.

As noted, Lipsey did indeed testify, and the prosecutor raised one of the outgoing messages during cross-examination. Lipsey confirmed the phone was his and he was the person who sent the message.

On appeal, Lipsey asserts "[t]he [d]istrict [c]ourt erroneously admitted the cell phone records without the proper foundation." In fact, as noted, the district court did not admit the cell phone records. Although the prosecutor asked about one outgoing message, he did not offer the underlying record. Additionally, Lipsey himself established a foundation for that message. *See* Iowa R. Evid. 5.901(a) (noting foundational requirement "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims"). Finally, the outgoing message was not hearsay but an admission of a party

opponent. *See State v. Simpson*, No. 10-1554, 2011 WL 3117888, at *2 n.2 (Iowa Ct. App. July 27, 2011). For these reasons, we are unpersuaded by Lipsey's argument.

### IV. *Procedure for Imposing Sentencing Enhancement*

Lipsey contends the district court failed to comply with the proper procedure to prove up his prior convictions. He asserts "[t]he court had an obligation to further inquire about the prior convictions." The State counters that Lipsey failed to preserve error because he did not object to the procedure.[2] We bypass this error preservation concern and proceed to the merits. *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999).

In *State v. Kukowski*, 704 N.W.2d 687, 692 (Iowa 2005), the Iowa Supreme Court stated that a defendant's affirmations to prior convictions do "not necessarily serve as an admission to support the imposition of an enhanced penalty . . . . The court has a duty to conduct a further inquiry similar to the colloquy required under rule 2.8(2), prior to sentencing to ensure that the affirmation is voluntary and intelligent." *See* Iowa R. Crim. P. 2.8(2)(b)(1)-(5) (requiring court to discuss certain matters with defendant prior to accepting guilty plea). While the district court did not conduct the full colloquy contemplated by *Kukowski*, Lipsey cannot show prejudice because he had notice of the convictions on which the State intended to rely, the minutes of testimony listed the clerk of court as a witness and set forth the prior felony convictions, and Lipsey testified to his prior convictions. *See State v. McBride*, 625 N.W.2d 372, 375 (Iowa Ct. App. 2001) (finding absence of prejudice based on disclosure in

---

[2] Lipsey does not raise the issue under an ineffective-assistance-of-counsel rubric.

minutes of testimony and defendant's admission); *State v. Vesey*, 482 N.W.2d 165, 168 (Iowa Ct. App. 1991) (finding no prejudice where "[t]he defendant admitted to what the state was ready and able to prove. . . . The State had the ability to prove all the facts necessary to show the defendant's habitual offender status"). Accordingly, this issue does not entitle Lipsey to reversal.

We affirm Lipsey's judgment and sentence.

**AFFIRMED.**