# IN THE SUPREME COURT OF IOWA

No. 19–1509

Submitted September 16, 2021—Filed October 22, 2021

**STATE OF IOWA,**

Appellee,

vs.

**JAMEESHA RENAE ALLEN,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, David Porter, Judge.

The defendant appeals from her conviction of assault while using or displaying a dangerous weapon, claiming the district court impermissibly permitted the State to amend the trial information filed against her. **DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED, CONVICTION VACATED, AND REMANDED.**

McDonald, J., delivered the opinion of the court, in which Appel, Oxley, and McDermott, JJ., joined. Mansfield, J., filed a dissenting opinion, in which Christensen, C.J., and Waterman, J., joined.

Gary Dickey (argued) of Dickey, Campbell, and Sahag Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins (argued), Assistant Attorney General, for appellee.

**McDONALD, Justice.**

Jameesha Allen was convicted of assault while using or displaying a dangerous weapon. In this direct appeal, Allen contends the district court erred in three respects. First, the district court erred in allowing the State to amend the trial information on the day of trial. Second, the district court erred in admitting certain surveillance videos into evidence. Third, the district court erred in denying her motion for new trial based on a claim of prosecutorial misconduct. We conclude the district court erred in allowing the amendment to the trial information, and we vacate Allen's conviction.

Desean Waldrip called 911 from the parking lot of a Dollar General store and requested police assistance. He told the operator that somebody had scratched his car and stabbed him. He then told the operator that five people in two cars were chasing him. He said, "They're trying to kill me," and reported he was being run over by one of the cars. When the 911 operator asked about the extent of his injuries, Waldrip said that he had "a lot." While still on the phone, Waldrip fled to a nearby Hy-Vee grocery store. The store manager noticed Waldrip's left hand was bleeding. Police responded to the store within a few minutes, but Waldrip declined medical attention and left the scene. Police saw a blue car registered to Allen leave the grocery store. Surveillance video taken from a nearby fast food restaurant shows a blue car jumping over a curb and grazing Waldrip. Police interviewed Allen the next day at her residence. The interview was recorded on the officer's body camera. During the interview, Allen admitted

she was driving the blue car that struck Waldrip as recorded in the restaurant surveillance video.

The State filed a trial information charging Allen with assault causing bodily injury, a serious misdemeanor, in violation of Iowa Code section 708.2(2) (2019), and third-degree criminal mischief, an aggravated misdemeanor, in violation of Iowa Code section 716.5. On the first day of trial, the State dismissed the criminal mischief count and moved to amend the charge of assault causing bodily injury to assault while using or displaying a dangerous weapon, an aggravated misdemeanor, in violation of Iowa Code sections 708.1(2)(*c*) and 708.2(3). Over Allen's objection, the district court allowed the amendment, finding that the elements of the original and amended charge were "substantially similar."

A jury found Allen guilty of the amended charge, and the district court sentenced her to a two-year suspended sentence, two years' probation, and a $625 fine.

Allen timely appealed her conviction, and this court transferred the matter to the court of appeals. Allen argued on appeal that the difference in elements between the original and amended charges rendered the amended charge wholly new and different, and thus prohibited under Iowa Rule of Criminal Procedure 2.4(8)(*a*). The court of appeals agreed and reversed Allen's conviction. Applying *State v. Sharpe*, 304 N.W.2d 220, 223 (Iowa 1981), the court of appeals held the district court should have disallowed the amendment because the amended charge increased the level of punishment and because the amended charge

contained different elements. Finding the issue dispositive, the court of appeals did not address Allen's remaining assignments of error.

We granted the State's application for further review. "On further review, we have the discretion to review any issue raised on appeal." *Burton v. Hilltop Care Ctr.*, 813 N.W.2d 250, 255 (Iowa 2012) (quoting *State v. Marin*, 788 N.W.2d 833, 836 (Iowa 2010), *overruled on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699 (Iowa 2016)). We exercise our discretion in this case to address only Allen's contentions regarding the amendment to the trial information.

Under Iowa Rule of Criminal Procedure 2.4(8)(*a*),[1] a district court may allow the State to amend a trial information "so as to correct errors or omissions in matters of form or substance." The district court must deny the State's motion to amend a trial information if the amendment charges a "wholly new and different offense" or if the amendment prejudices the "substantial rights of the defendant." Iowa R. Crim. P. 2.4(8)(*a*). Whether an amendment charges a wholly new and different offense or prejudices the substantial rights of the defendant are questions of law, and our review is for the correction of legal error. *State v. Maghee*, 573 N.W.2d 1, 5 (Iowa 1997).

Under *Sharpe*, as reaffirmed today in our decision in *State v. Vandermark*, an amended trial information charges a wholly new and different offense when the new offense has different or additional elements and increases the potential punishment. *State v. Vandermark*, ___ N.W.2d ___, ___ (Iowa 2021); *Sharpe*, 304

---

[1]Although the rule refers solely to indictments, it is equally applicable to trial informations. *State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013) (citing Iowa R. Crim. P. 2.5(5)).

N.W.2d at 223. An offense is not wholly new and different if the amendment charges a "different means" of committing the same base offense. *Sharpe*, 304 N.W.2d at 223; *see, e.g.*, *State v. Schertz*, 330 N.W.2d 1, 2 (Iowa 1983) (allowing amendment to charge a different means of committing kidnapping in the first degree). As we explained in *Vandermark*, this bright-line rule for determining whether an offense is wholly new and different "protect[s] the role of the agency that screened the charge," promotes consistency in the administration of justice, and is consistent with the approach taken by the majority of jurisdictions. *Vandermark*, ___ N.W.2d at ___ (alteration in original) (quoting 5 Wayne R. LaFave et al., *Criminal Procedure* § 19.5(b) (4th ed. 2020)). Further, the *Sharpe* standard has not proved unworkable in the four decades since it was pronounced, and stare decisis dictates that we should not disturb it. *Vandermark*, ___ N.W.2d at ___.

The amended trial information here charged a wholly new and different offense within the meaning of Iowa Rule of Criminal Procedure 2.4(8)(*a*), and the district court erred in allowing the amendment. First, the charges include different elements. To convict Allen of assault causing bodily injury (the original charge), the State would have had to prove that she committed assault against Waldrip and caused him bodily injury or mental illness. Iowa Code § 708.2(2). To convict Allen of assault while using or displaying a dangerous weapon (the amended charge), the State had to prove that she committed assault while displaying a dangerous weapon towards Waldrip in a threatening manner. *Id.* §§ 708.1(2)(*c*), .2(3). The elements of the two offenses are plainly different as each

requires proof of an element not found in the other. *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) ("At a trial, [elements] are what the jury must find beyond a reasonable doubt to convict the defendant."). Second, the amendment increased the range of punishment from one year of imprisonment to two years, and the maximum fine from $1,875 to $6,250. *Compare* Iowa Code § 903.1(1)(*b*) (maximum sentence for serious misdemeanors), *with id.* § 903.1(2) (maximum sentence for aggravated misdemeanors).

The State argues that both the original and amended informations charged Allen with the base offense of assault and thus the amendment merely alleged a different means of committing the same base offense. This argument is unavailing. Assault is defined in section 708.1 of the Code, and different degrees of assault are identified in section 708.2 of the Code. Each of the degrees of assault require proof of different or additional facts. We have held each of the assault offenses are separate and distinct offenses. *See State v. Finnel*, 515 N.W.2d 41, 43 (Iowa 1994) (holding serious assault under Iowa Code section 708.2(2) (1991) is not a lesser included offense of assault while participating in a felony under Iowa Code section 708.3 because of the difference in elements); *see also State v. Swanson*, 423 N.W.2d 560, 562 (Iowa Ct. App. 1988) (holding assault causing bodily injury under Iowa Code section 708.2(2) (1987) is not a lesser included offense of assault with intent to inflict serious injury under Iowa Code section 708.2(1)). Further, outside the context of drug trafficking and recidivist statutes, we have disallowed amendments that increase the range of potential punishment. *See, e.g., Maghee*, 573 N.W.2d at 5; *State v. Berney*, 378

N.W.2d 915, 919 (Iowa 1985), *overruled on other grounds by State v. Bruce*, 795 N.W.2d 1 (Iowa 2011).

Since we hold that the amendment of the trial information from assault causing bodily injury to assault while using or displaying a dangerous weapon resulted in Allen being charged with a wholly new and different offense and was improper, we need not reach the question of whether Allen suffered prejudice because of the amendment. *See Maghee*, 573 N.W.2d at 6; *State v. Williams*, 305 N.W.2d 428, 431–32 (Iowa 1981). We vacate Allen's conviction and remand the matter to the district court for further proceedings. We decline to address Allen's remaining contentions on appeal. *See State v. Wright*, 961 N.W.2d 396, 402 (Iowa 2021).

**DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED, CONVICTION VACATED, AND REMANDED.**

Appel, Oxley, and McDermott, JJ., join this opinion. Mansfield, J., files a dissenting opinion, in which Christensen, C.J., and Waterman, J., join.

**MANSFIELD, Justice (dissenting).**

I dissent for the reasons set forth in my dissent in *State v. Vandermark*, ___ N.W.2d ___, ___ (Iowa 2021) (Mansfield, J., dissenting).

Substantial evidence, including surveillance video and a 911 call, supported a finding that the defendant Jameesha Allen intentionally drove her vehicle into the victim. The defendant admitted at the time she was "completely pissed off" and was "chasing him" although she said she "didn't think" she had hit him. The district court found "overwhelming evidence" of the defendant's guilt.

Originally, the State charged assault causing bodily injury in violation of Iowa Code section 708.2(2), a serious misdemeanor. At the outset of trial, the State was permitted to amend the information to charge assault while using or displaying a dangerous weapon in violation of section 708.2(3), an aggravated misdemeanor. It is not clear when the amended trial information was *submitted*, as opposed to formally *filed* with the approval of the court. However, defense counsel conceded that she filed jury instructions on the amended information the previous week, so it had been submitted at least some time the week before trial.

Not mentioned in the majority opinion is the fact that the State tried to, but was not allowed to, amend the information to add a charge of willful injury in violation of section 708.4(2). The district court reasoned that the two assault

charges were substantially similar but the willful injury charge, a class "D" felony, was not.

The majority's concern about "protect[ing] the role of the agency that screened the charge" is unfounded here. The "agency" that screened the original charge was the district court, and the district court had to—and did—approve the amended trial information under the same screening standard that it applied to the original trial information. *See* Iowa R. Crim. P. 2.5(4).

I would affirm Allen's conviction and sentence. The charged incident didn't change. The evidence didn't change. The amendment simply modified the version of assault charged. Our precedent, as I've discussed in *Vandermark*, clearly allows amendments for different versions of "drug trafficking" even if the new version has different elements and carries a more serious penalty. *See State v. Maghee*, 573 N.W.2d 1, 4–5 (Iowa 1997); *State v. Williams*, 305 N.W.2d 428, 430–31 (Iowa 1981). There is no logical reason to distinguish drug trafficking from other offenses. Here the amendment elevated the status of the offense only from a serious to an aggravated misdemeanor.[2] *See* Iowa Code § 708.2(2)–(3). The amended assault charge was not a "wholly new and different" charge.

Nor was there prejudice to the defendant, who did not seek a continuance. Allen's implausible trial defense was that (1) she had been asleep that morning, (2) someone else had used her car to chase down the victim, and (3) her prior admissions had been a "miscommunication."

---

[2]The defendant received a suspended sentence and probation.

Restarting this case back in 2019 when the State sought leave to amend would have served no useful purpose. And assuming the State refiles the charges here, it will serve no useful purpose now.

I would affirm the district court's ruling and vacate the decision of the court of appeals.

Christensen, C.J., and Waterman, J., join this dissent.